Robinson v. Mathwick.

JAMES B. ROBINSON, PLAINTIFF IN ERROR, V. CHRISTIAN MATHWICK, DEFENDANT IN ERROR.

1. County Road: LOCATION OF. In the location of a county road the first steps to be taken are the giving of notice, and filing a petition therefor, as provided in section 19, Chap. 47, R. S. 1866.

2. ———: JURISDICTION OF COUNTY COMMISSIONERS. Unless such petition be presented to the county commissioners, after due notice has been given, they have no jurisdiction in the location of a county road.

3. ———: ———. If the county commissioners act without such notice being given, and petition filed, signed by at least ten resident land owners of the county, the location would be void.

4. ———: TRESPASS. Where the location of a county road over the *locus in quo* is plead in justification of an alleged trespass, it is necessary that these preliminary jurisdictional steps be established, or the defense will fail.

5. ———: ———: EVIDENCE. Testimony showing a survey, and plat of a road, is immaterial, unless it be shown that the requisite notice had been given, and petition for the road filed.

ERROR from the district court of Dodge county. The opinion states the case.

*W. H. Munger*, for plaintiff in error, cited *Ferris v. Bramble*, 5 Ohio State, 109. *State v. Berry*, 12 Iowa, 58. *Williams v. Holmes*, 2 Wis., 129. *Thatcher v. Powell*, 6 Wheat., 119. *Dolphin v. Pedley*, 27 Wis., 469.

No appearance for defendant in error.

LAKE, CH. J.

This is a proceeding in error to reverse the judgment of the district court for Dodge county, affirming a judgment rendered by a justice of the peace, in an action for

damages occasioned by a trespass upon the plaintiff's land.

The defendant, on a trial to a jury, justified the alleged trespass on the ground, that at the place where committed there was a public highway, duly laid out and established, along which he was traveling as he lawfully might do. In support of this defense, the defendant offered in evidence what purported to be the report of a survey, and a plat of a county road running from Fremont in Dodge county to West Point in Cuming county, and passing in its course over the plaintiff's land. These were objected to on the behalf of the plaintiff for the following, among other reasons, viz: *First.* That it did not appear to be " the report of a commissioner duly appointed to locate the road; and that it did not appear that a petition, signed by ten freeholders of Dodge county, had ever been presented to the commissioners of the county, asking for the location of the road." In short, that it had not been shown that a single step had been taken, which the statute requires before the location of a county road is authorized to be made. These objections were overruled, and the record admitted, to which exceptions were duly taken. There was no testimony whatever offered tending to show that a notice of an application to the board of county commissioners for the location of the road was ever given, nor that any petition for such purpose was ever presented. There was nothing offered tending in the slightest degree to show that said board ever had the subject of this road under consideration, nor that any commissioner was appointed to view and lay out the proposed road. Had such testimony been given, even after the irregular admission of said record, that would have obviated the objections interposed by the plaintiff. But the total failure to produce, at any time, any evidence whatever to show that the preliminary steps, which the statute requires to authorize the com-

missioners to take action in the matter, were taken, leaves the objection to operate with full force, and renders the error a fatal one.

The following questions are, therefore, squarely presented: *First.* What steps are necessary in the location of a county road? And, *Second.* When such location is alleged, what testimony is necessary to establish the fact that it was legally done? These questions must be answered by reference to the statute, which points out distinctly the course to be pursued.

The first step in the location of a county road, is the giving of the notice required by Sec. 19, Chap. 47, of the Revised Statutes. This section provides that "whenever the inhabitants in any county desire the opening of a new road, * * * * they shall give at least twenty days notice, by posting a notice on the court house door, and at three other public places in the vicinity of the road sought to be located, . * * * * setting forth the time when they will apply by petition to the board of county commissioners, giving a particular statement of the location, * * * sought to be effected." This being done, a petition, signed by at least ten freeholders, may be presented to the commissioners, at the time mentioned in said notice, who shall proceed to hear the parties interested in the case. If, upon such hearing, the board shall consider that the proposed road will advance the interests of the county, "they shall appoint a competent and disinterested person a commissioner, who, after being duly sworn to faithfully discharge his duties without fear, favor, or hope of reward, shall proceed to view the road proposed, and report to the county board; and if, in the opinion of the county board, the public good requires the proposed new road, * * * the said board shall direct the commissioner to lay out, mark, and plat the same according to law," etc.

Robinson v. Mathwick.

Now, in the case before us, it does not appear that any one of these steps were taken by the inhabitants of the county, or by the county commissioners; and until they are taken, no road can be legally established under this statute. The board of county commissioners is a tribunal possessed of but a very limited jurisdiction, which is clearly defined by the statutes; and it is essential that all the facts necessary under the statute to authorize their action in any given case, be affirmatively shown. In the location of a county road, the commissioners have no jurisdiction, unless the petition mentioned above be presented after due notice thereof has been given. If they presume to act without an observance of these plain statutory requirements, it would be without authority; and whatever they might do would be merely void. Independently of the desires of at least ten resident land-owners of the county expressed by petition, they are utterly powerless to open a new road.

In this case, the location of this road is plead as a justification for the entry upon the plaintiff's land; and no claim of user by the public for any considerable time is made. It was essential to this defense that the preliminary jurisdictional steps be established, or the defense must fail.

For these reasons the judgment of the district court, and also the judgment of the justice of the peace, are reversed, and the cause remanded to the district court for a new trial.

REVERSED AND REMANDED.