STATE OF NEBRASKA, EX REL. FRANCIS SIMS, v. THE COUNTY COMMISSIONERS OF OTOE COUNTY.

1. **Highway:** HOW CREATED. A highway may be created by legislative authority, exercised through a municipal corporation authorized to open streets, or through the general road law, or by dedication.

The State, ex rel. Sims v. Otoe County.

2. ———: DEDICATION. A dedication is defined to be the act of devoting or giving property for some proper object in such manner as to conclude the owner. It may be made by parol, and may be presumed from lapse of time.

3. ———: PROCEEDINGS. When the inhabitants of a county desire the opening of a new road, or the discontinuance or change of a road heretofore established, at least ten land holders, residents of the county, must give notice, as provided by law, that *they* will, at a specified time, present a petition asking for the opening of a new road, or the discontinuance or change of a road heretofore established.

4. ———: ———. Proof of posting the notices should be made by affidavit of the party who posted the same, stating *when, where,* and by whom the notices were posted.

5. ———: JURISDICTION OF COUNTY COMMISSIONERS. The commissioners have no jurisdiction to locate a county road unless the petition mentioned above has been presented to them, and after due notice thereof has been given. *Robinson v. Mathwick,* 5 Neb., 255, adhered to.

THIS was an original application for a mandamus against the county commissioners of Otoe county, to compel them to draw their warrant upon the treasurer of the county for the sum of $812.36, alleged to be due the relator on account of an award made in his behalf by appraisers appointed to view and assess damages accruing to the relator by reason of the laying out and opening of a public road through his premises in Otoe county.

The application showed substantially that in June, 1875, a petition in due form was presented to the defendant board, asking them to open and lay out a highway through certain lands of plaintiff, in section thirty, township seven, range fifteen, in Otoe county, included in road district number four of Otoe precinct, in said county; that thereupon the plaintiff remonstrated against the location of a road as proposed, and claimed damages to the amount of one thousand dollars in case the highway as proposed should be laid out and opened;

that a commissioner was appointed to examine and report thereon; that at the January, 1876, session of the defendant board, John McCarthy, Conrad Mullis, and D. M. Anderson, were appointed appraisers to view the premises and assess the damages accruing to the said Sims, by reason of the opening of such highway; that said appraisers, under oath, examined, appraised, and awarded to Sims, as damages, the sum of eight hundred and twelve dollars and thirty-six cents, which said award was duly reported in writing to the said defendant board; that at the November, 1876, session, said board duly ordered a highway, or public road, opened, laid out, and recorded as prayed for, and that ever since that date the same was used and occupied as a highway by the public; that the defendant board refuse to pay, or order paid, the said sum so awarded, or any other sum, although the plaintiff has signified his acceptance of the award.

An alternative writ was allowed, and the defendant returned the same with the following answer:

" The board of county commissioners of Otoe county, Nebraska, for answer to alternative writ hereto attached, issued in this cause, say: That the said Francis Sims, plaintiff, ought not to have the peremptory writ, because the defendant admits the taking the matter of such road into consideration, and the appointment of John McCarthy, Conrad Mullis, and D. M. Anderson to assess the damages, but denies that such appraisers were sworn and * * avers that such appraisers were partial and made two separate reports at the same time, or rather made a report pretending to assess damages, and also a report recommending that no road be located upon the route upon which they were to assess damages. * * * This defendant denies that such pretended assessment of damages was duly reported to this defendant, the board of county commissioners of Otoe county, * * * the report convincing the board that the

appraisers were interested; that no further proceedings were had in such matter.   *   *   This defendant denies that there was ever any road opened as a highway as set forth in the writ and application therefor.   *   *   *   This defendant denies each and every averment in the said alternative writ, except as herein stated."

The cause was referred to S. S. Morehouse to take the testimony, upon whose report the cause was tried at the present term.

*E. F. Warren*, for the relator.

The right of appeal from an award is given to the claimant only, and no power is anywhere conferred to vacate or set aside an award of duly qualified appraisers, but the statute declares that "their award not exceeding the amount claimed, *shall be paid* to said claimant in full satisfaction for such damages." To permit the board of commissioners to review the action of the appraisers, and set it aside for being too great or too little, would be virtually to make the board themselves the appraisers, a thing not contemplated by statute. If the proceedings of the appraisers in the assessment of damages are ir-' regular, the alleged errors should be brought up for review by writ of *certiorari* to the district court. *Runner v. Keokuk*, 11 Iowa, 543. When an assessment of damages has been made according to law, the commissioners cannot set it aside for any cause, but are bound to pay the money according to the award. *Stafford v. Mayor*, 7 Johns., 542. *Johnson v. Supervisors*, 19 Johns., 273. The assessment of damages is conclusive, under the statute, upon the board of commissioners, who are bound to proceed and levy such damages, and cannot inquire whether they are too high or too low. *People v. Supervisors*, 5 Cow., 292.

*T. B. Stevenson*, for the respondents.

MAXWELL, J.

A highway may be created by legislative authority, exercised through a municipal corporation authorized by law to open streets, or through the general road law, or by dedication. A dedication is defined to be the act of devoting or giving property for some proper object, in such manner as to conclude the owner. It may be made by parol, and may be presumed from lapse of time.

Section nineteen of the general road law provides that: "Whenever the inhabitants in any county desire the opening of a new road, or the discontinuance or change of any road heretofore established, *they* shall give at least twenty days notice, by posting a notice on the court house door, and at three other public places in the vicinity of the road sought to be located, changed, or discontinued, setting forth the time when they will apply by petition to the board of county commissioners, giving a particular statement of the location, change, or discontinuance sought to be effected."

Section twenty provides that: "Upon the presentation of a petition signed by at least ten land holders, residents of the county, *after notice given as provided in the preceding section*, the board of county commissioners shall proceed to hear the parties interested in the case," etc. In the case at bar the records fail to show *when* or *where* the notices were posted. But it does appear that two of the notices were signed by but one person. The statute requires those who are about to apply to the county commissioners for the opening of a new road, or the discontinuance or change of a road heretofore established, to give notice. This provision of the statute requires the notices to be signed by at least ten land holders and residents, and the same land holders and residents who sign the notices must sign and present

the petition to the county commissioners. Proof of posting the notices should be made by affidavits of the party posting the same, stating *when, where,* and by whom the notices were posted. In *Robinson v. Mathwick*, 5 Neb., 255, this court held that in the location of a county road, the commissioners have no jurisdiction, unless the petition mentioned above be presented after due notice thereof has been given. It is also held that, "it is essential that all the facts necessary under the statute to authorize their action in any given case be affirmatively shown." No notice having been given in the manner provided by law, the county commissioners had no jurisdiction of the case. The writ must therefore be denied.

WRIT DENIED.