WILLIAM N. HAYWOOD, APPELLANT, v. HELEN D. THOMAS ET AL., APPELLEES.

1. **Adverse Possession.** A party in the actual, open, notorious, exclusive, adverse possession of real estate for ten years thereby acquires the absolute right to the exclusive possession of the same. *Gatting v. Lane, ante* p. 80.

2. ———: COLOR OF TITLE is not necessary to such right except where it is sought to extend the same beyond the limits actually held *possessio pedes*.

3. ———. Such possession and right carry with them the *title* to the real property.

APPEAL from Burt county. Heard below before WAKELEY, J.

*N. J. Sheckell*, for appellant.

*Hopewell & Dickinson*, for appellees.

COBB, CH. J.

This action was brought in the district court of Burt county by the plaintiff, who is also appellant, to set aside certain tax deeds under which he alleged the defendants held possession of certain lots in the town of Tekamah, and which tax deeds the plaintiff alleged to be null and void for the reasons therein stated.

Plaintiff in his petition alleged himself to be the owner of said lots; that he had tendered to the defendants on the 5th day of March, 1884, the amount of all taxes paid by them on the said lots, with interest thereon from the time of the same having become delinquent, which they refused, and which tender he renewed and kept good, with prayer that said tax deed might be adjudged to be void and removed as a cloud upon his title to said land.

The defendants by their answer admitted all of the facts stated by the plaintiff in his petition, except that they denied that plaintiff was the owner of the said lots, and denied that in making sale of said lots for delinquent taxes the county treasurer of Burt county acted without authority of law as alleged in said petition. The defendants in and by their said answer alleged that they are the only heirs-at-law as well as the only legatees under the will of George P. Thomas, deceased. That about the year 18— the said George P. Thomas took actual possession of the premises in controversy, and enclosed the same, together with other lands, by a substantial fence, and was for more than ten years thereafter in actual, undisputed, continuous, and notorious possession of the same.

Defendants also alleged that from and after the issuance and delivery of the tax deed to the said George P. Thomas,

as in plaintiff's petition alleged, the said George P. Thomas was in actual, continuous, undisputed, and notorious possession of said premises during his lifetime; that the defendants succeeded to and have since continued in such possession, and that such possession had been for more than ten years prior to the commencement of the said suit. Also that as legatees under the will, as set forth in plaintiff's petition, they succeeded to and became seized and possessed of whatever right, title, or claim to said premises belonged to the said George P. Thomas at the time of his death.

The cause was tried to the court, which found that at the commencement of the suit the title to the premises in controversy was in the defendants, with a judgment dismissing the suit and in favor of the defendants for costs.

A motion for a new trial having been overruled, the plaintiff brings the cause to this court on appeal.

There is no assignment of errors, so the only questions presented by the record are, whether the finding of the court is sustained by sufficient evidence, and whether the judgment thereon is in accordance to law.

There is but little conflict of testimony, and doubtless the great weight of evidence is to the effect that in the year 1868 or 1869 that portion of the town of Tekamah in which the lots in question are situated, though previously laid out in blocks, lots, and streets, was entirely unoccupied, unimproved, and uncultivated; that in one of said years George P. Thomas entered upon the same, claiming it as owner, and erected a post and board fence thereon, which, together with a string of fence on the west side thereof, previously erected by O. Harrington, and to which George P. Thomas connected the west end of the south string of his fence, so erected, and a stream of water forming the northerly limit of said portion of said town, and to which the east string of said Thomas' fence was extended and connected, completely enclosed the lots in question, together

with other lots and blocks and parts of streets; that the land so enclosed, including the lots in controversy, was used as a pasture for stock by the said Thomas and his tenants up to and including a portion of the year 1879 ; that some time in the year 1870 the said string of fence belonging to O. Harrington was partly destroyed by fire, and that in the spring of 1871 said Thomas built a fence east of and parallel to it, so as to restore his said enclosure.

I think the evidence satisfactorily proves that the fence enclosing the lots in controversy was kept up and maintained for the full period of ten years.    The witness, John Thomas, who, from his own testimony and that of other witnesses, was one of the hands who were engaged in building it, testified that it was completed between the middle of April and the middle of May, 1869.    The witness, Samuel Maveen, also one of the workmen who built the fence, testified that it was built in the spring of 1869. The witness, John Thomas, being recalled, testified that the fence was still kept up and the enclosure used as a pasture for stock during the whole of the pasturing season of 1879.    A. Nelson, a witness for defendants, who seemed to be well acquainted with the premises, was of the opinion, to, the best of his recollection, that the premises continued to be enclosed by the said fence as late as 1880.

There is doubtless some conflict of testimony as to the time when the said fence was removed, but, as before stated, the weight of the evidence warrants the conclusion that it was kept up for full ten years.    And certainly, the trial court. having found the facts in favor of the defendants, there is sufficient evidence to sustain its finding.

That the defendants are the devisees under the will of George P. Thomas, deceased, and entitled to all of his rights in the premises, is conceded in the pleadings.    In the opinion of this court denying a rehearing in the case of *Gatling v. Lane, ante,* p. 80, the law is thus stated :

" 1. A party in the actual, open, notorious, exclusive, ad-

verse possession of real estate for ten years thereby acquires the absolute right to the exclusive possession of the same.

" 2. *Color of title* is not essential to adverse possession, but when a party does not enter under color of title, his possession is limited to the premises actually occupied by him."

I am entirely satisfied with that opinion, adopt it as applicable to this case, and refer to the authorities therein cited.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.