DANIEL L. GRAHAM, APELLEE, v. JOHN FLYNN ET AL., APPELLANTS.

1. **Roads:** OPENING: NOTICE: PETITION. Where the testimony tends to show that notices for the location of a public road not signed were duly posted and a petition thereafter presented to the county commissioners, signed by more than ten landholders praying for the location of such road as was described in the notices, and a public road was thereupon located, opened, and traveled for more than ten years, *Held*, A valid public road.

2. ————: PETITION BY OWNER OF LAND. A petitioner for the location of a public road over his own land is not entitled to notice of the pendency of such petition. He is, in fact, a plaintiff in the proceeding, and where a petition signed by the requisite number of landholders has been acted upon by the proper authorities and a road located, a grantee of such petitioner cannot enjoin the use of the road upon the ground of want of notice to his grantor.

APPEAL from the district court of Lancaster county. Heard below before POUND, J.

*Lamb, Ricketts & Wilson*, for appellants.

*Edson Rich* and *Harwood, Ames & Kelly*, for appellee.

MAXWELL, CH. J.

Petition of Graham, in Lancaster county district court, filed May 21, 1885, for an injunction to prevent the taking of 33 feet from the west line of N½ of N.W.¼, 2–9–6 E., in Lancaster county, for a public road, the destruction of a crop of rye, and of a hedge growing on said strip, on the grounds that there had been no petition lawfully acted on by the county commissioners for the opening there of a public road; that neither plaintiff nor his grantors had had any notice of the opening of the road; that they had had no opportunity to apply for compensation, and that no compensation for the taking of the land had been offered or tendered them. The answer admits that about May 14, 1885, Flynn, overseer of highways, district No. 1, Yankee Hill precinct, Lancaster county, Nebraska, notified plaintiff to remove hedge aforesaid as an obstruction to the highway there laid out, denying all other allegations. For a second defense the answer alleges petition on July 5, 1871, of C. M. Wittstruck and seventy-five others to the county commissioners of Lancaster county praying for the location of a county road over the land in controversy, due and legal notice of the filing of the same having been given at least twenty days prior thereto, the hearing of said petition on aforesaid day, appointment of a commissioner whose report recommended the granting of the petition and location of road accordingly about August 1, 1871, all the requirements of law to that end having been complied with. For a third defense answer alleges opening of said road, and continued and uninterrupted user for a period of more than ten years.

· The petition clearly shows that in the year 1871, E. Veitz, the grantor of Graham, was the owner of the land in controversy and signed a petition with seventy-five others for the location of said road. This is proved beyond controversy by the introduction in evidence of the original

petition containing the name of Veitz which was shown to be genuine by a witness familiar with his signature. This petition was presented to the county commissioners of Lancaster county, and by them acted upon by the appointment of a commissioner who was instructed to proceed to view the proposed road, and if, in his opinion, the public good required the road, he was authorized to lay out, mark, and plat the same. The commissioner did view the road in question, and being of the opinion that public good required the location of said road, he laid out, marked and platted the same and made his report to the county clerk. The road extended from the city of Lincoln to the southern portion of the county, and was opened and traveled through the land in controversy. There is some disagreement among the witnesses as to the amount of travel, but that is not material in the case.

It is claimed on behalf of the defendant that no notices were posted as required by law, and that, therefore, the commissioners had no jurisdiction. *Robinson v. Mathwick*, 5 Neb., 252. *The State, ex. rel. Sims, v. Otoe county*, 6 Neb., 129.

In *Robinson v. Mathwick* the plaintiff brought an action against the defendant to recover for trespass; the defendant stated that the alleged trespass was committed on a public highway duly laid out and established along which he was traveling as he lawfully might do. In the opinion in that case it is said, "There was no testimony whatever offered tending to show that a notice of an application to the board of county commissioners for the location of the road was ever given, nor that any petition for such purpose was ever presented. There was nothing offered tending in the slightest degree to show that said board ever had the subject of this road under consideration, nor that any commissioner was appointed to view and lay out the proposed road. Had such testimony been given even after the irregular admission of said record, that would have obviated

the objections interposed by the plaintiff. But the total failure to produce at any time any evidence whatever to show that the preliminary steps, which the statute requires, to authorize the commissioners to take action in the matter, were taken, leaves the objection to operate with full force, and renders the error a fatal one."

In *State v. Otoe County*, 6 Neb., 129, 130, the question was as to the right of the relator to a warrant for $812.36 for damages alleged to be due him by reason of the location and opening of a public road through his land. The commissioners denied the opening of the road, and the court held, no notice having been given in the manner required by law, the commissioners had no authority in the premises. Where, however, the required number of notices have been posted prior to the presentation of the petition to the county commissioners, and proof has been duly made before them of the posting of such notices, and they have acted thereon and appointed a commissioner who has located a public road which has been opened and traveled for many years, and all parties have acquiesced in the locating and opening of such road, the rules as stated in *Robinson v. Mathwick*, and *State v. Otoe County*, do not apply.

The rule applied in *Gatling v. Lane*, 17 Neb., 80, *Haywood v. Thomas*, 17 Neb., 237, *Herdman v. Marshall*, 17 Neb., 259; that where a party has been in the actual, open, notorious, and exclusive possession for ten years, he thereby acquires the absolute right to such exclusive possession of the same, is applicable to public roads in favor of the public so far as it relates to a mere easement.

2. The testimony tends to show that Veitz conveyed to one Leland in 1878, and Leland conveyed to Graham about the year 1880. The petitioners for a public road may be regarded as plaintiffs in the proceeding. They were asking for the location of a public way over their own lands and those of others, presumably because they and

the general public would derive' benefit therefrom.    We know of no rule that would require a petitioner to serve a notice upon himself.   The very object of the petition is to secure the location of the road, and the fact that a party signs such petition for the purpose indicated is sufficient notice to him of the pendency of the proceedings; as to him it is not an adverse proceeding, but is done not with his assent only but at his instance and request.   The road, therefore, having been located on the petition of Veitz while he was the owner of the land in controversy, the plaintiff Graham is estopped by the action of Veitz, and cannot maintain this action.

The, judgment of the district court is reversed and the action dismissed.

> JUDGMENT ACCORDINGLY. ·

THE other judges concur.