PATRICK LANGDON, PLAINTIFF IN ERROR, V. THE
STATE OF NEBRASKA, DEFENDANT IN ERROR.

Public Roads: OBSTRUCTIONS. Where a public road has been
laid across certain real estate, by competent authority, and has
been accepted by the public and traveled for more than ten
years, the public thereby acquire an easement in said road, and
the land owner will be liable if he fences up or obstructs the
same.

ERROR to the district court for Sarpy county.   Tried
below before WAKELEY, J.

Charles A. Brown, J. J. O'Connor, and G. A. Magney,
for plaintiff in error, cited:   Graham v. Hartnett, 10 Neb.,
517.

A. U. Hancock and C. A. Baldwin, for defendant in
error, cited:   Washburn Easements, 107.   Hart v. Red
Cedar, 24 N. W. R., 410.   State v. Wertzel, 22 Id., 150.
Moore v. Roberts, 25 Id., 564.

MAXWELL, J.

In June, 1883, the plaintiff in error was the owner of the south-west quarter of the south-east quarter of section 22, township 14, range 10 east, in Sarpy county. During that month he fenced up and obstructed an alleged public road, crossing said land. For doing this he was arrested, tried before a justice of the peace, and found guilty, and sentenced to pay a fine and the costs of prosecution. From this judgment he appealed to the district court, where two trials were had, resulting in each case in a verdict of guilty. After the second trial, a motion for a new trial made by him having been overruled, he was sentenced to pay a fine and the costs of prosecution. From this judgment he prosecutes error in this court. The only error relied upon is, in substance, that the verdict is not sustained by the evidence.

The testimony tends to show that in the year 1864, an act was passed by the territorial legislature to lay out a territorial road across the land in question, and other lands; that in pursuance of such act a territorial road was located across the plaintiff's land, and that the road thus established has been traveled from that time, until the fencing up of the same by the plaintiff. Upon this point there is no dispute whatever in the testimony. The question, whether, under the territorial act, compensation was provided for the land taken for such road, does not arise in the case. The road was laid out as a public road, accepted by the public, and some labor performed thereon by the road supervisor. This continued for more than ten years, and thereby the bar of the statute in favor of the public became complete. *Rathman v. Norenburg,* 21 Neb., 467. *Graham v. Flynn,* 21 Neb., 229.

Where a public road has been located across the lands of any person, by competent authority, and accepted by the public and traveled for more than ten years, the public thereby acquire an easement, and the court will not en-

quire whether all the necessary steps were taken in the original location of the road.   A party who willfully obstructs a lawful public road does so at his peril, and the plaintiff having deliberately fenced up the road in question, is liable for the wrong.   There is no complaint that the fine is excessive, and it is apparent that there is no error in the record.   The judgment of the district court, therefore, is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.