JACOB GUNDLACH v. THEODORE HAMM.[1]

July 10, 1895.

Nos. 9308—(229).

Action to Enjoin Obstruction of Highway—Who may Maintain.

An action cannot be maintained, at the suit of a private party, to enjoin an obstruction or other nuisance in a public street or highway, where he has not suffered any special or peculiar damages to himself, his property, or business, but his damages are the same in kind as those sustained by the public in common with himself. Shaubut v. St. Paul & S. C. R. Co., 21 Minn. 502, followed.

[1] Reported in 64 N. W. 50.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial.   Affirmed.

*Owen Morris*, for appellant.

*Munn, Boyesen & Thygeson*, for respondent.

START, C. J.   The appellant is, and has been for more than 10 years last past, the owner and in possession of lot 7 in block 56 in Arlington Hills addition to St. Paul, upon which he does and has during such time carried on a general grocery business in a store building thereon.   He lives in a house on the adjoining lot 8, owned by his wife.   Both lots front upon Fauquier street, and access to them is only from and along this street.   On August 14, 1892, the respondent, without the consent of the appellant, and without authority of law, caused to be constructed, for his own private use and business, a railroad track upon and across Reaney and Fauquier streets and Greenbrier avenue,—public streets of the city of St. Paul.   Along this track and over these streets he has caused and does cause loaded freight cars, propelled by steam locomotives, to pass at irregular intervals, averaging about 4 times a day for 16 days in a month.   The track is located about 300 feet west and 200 feet northwest from appellant's lot; and, aside from its operation, it does not constitute a material obstruction to the streets, or materially interfere with travel thereon.   There are two commercial railways operated by steam near the appellant's lot,—the Omaha, with its tracks located 200 feet north, and the Duluth, 300 feet west. The other facts here material are stated in the fifth and sixth subdivisions of the trial court's findings, which read as follows:

"(5) In so making use of said track and moving cars thereon by the defendant and his employés, steam, smoke, and cinders, to some extent, are emitted from the engines required for such service, and from time to time, when the winds are westerly or northerly, are carried over upon the plaintiff's said premises, permeating plaintiff's air, resting upon and somewhat polluting his merchandise and other property, and thereby, to some extent, enhancing the annoyance and inconvenience which plaintiff suffers from the operation of said other line of railroad hereinbefore mentioned, and by reason thereof the same is, to a limited extent, an interference with plaintiff's free use and enjoyment of his said property, and the value of such prop-

erty is somewhat impaired.    (6) The crossing of said highways by said engines and the emission of smoke, steam, and cinders therefrom, in the aforesaid use of defendant's track to some extent interferes with the travel upon said streets and renders the same less safe and desirable for the passage of teams or foot passengers.    All the property in the vicinity, as well as along the lines of said highways in any direction for a considerable distance, and the use, enjoyment, and value thereof is affected in the same manner as said property of plaintiff, some to a greater and some to a less degree, depending upon the location and proximity thereof to said defendant's track, the injuries so sustained being different in degree only and not in kind or character."

The appellant brought this action to enjoin the respondent from operating such railway track across the streets named, and to compel him to remove it.    The trial court found the facts to be substantially as we have stated them, and, as a conclusion of law, that the appellant was not entitled to any relief in this action, and directed judgment accordingly.    From an order denying his motion for a new trial, this appeal was taken.

That "the conclusions of law are not justified by the findings of fact," is the only error assigned.    It is to be observed that the railway track complained of is not located or operated in the street in front of the appellant's premises, that it does not materially impair access to his premises over and along the street, and that the injury sustained by him is not different in kind or character, but in degree only, from that sustained, not only by all property owners along the streets crossed by respondent's railway track, but by all owners of property in the vicinity.    The appellant has not sustained any damages special to his property or his business.    This case, then, falls directly within the rule that an action cannot be maintained at the suit of a private party to enjoin an obstruction or other nuisance in a public street or highway, where he has not suffered special or peculiar damages to his property or business.    This rule is too thoroughly settled to admit of any discussion.    Shaubut v. St. Paul & S. C. R. Co., 21 Minn. 502; Rochette v. Chicago, M. & St. P. R. Co., 32 Minn. 201, 20 N. W. 140; Barnum v. Minnesota Transfer R. Co., 33 Minn. 365, 23 N. W. 538.

The appellant, however, contends that his case is similar to, and

ruled by, that of Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072. This last case neither overrules nor modifies the doctrine settled in Shaubut v. St. Paul & S. C. R. Co. On the contrary, the Aldrich Case recognizes the rule, but its facts bring it within the exception to the general rule, for in that case the street and sidewalk were obstructed by an excavation and pile of earth, the latter in front of plaintiff's lot, whereby approach to his building was entirely cut off, except from the north, or, in other words, the right of access to his premises was materially injured by the obstruction, and this damage was special and peculiar to him. This is a very different case from the one at bar, as found by the trial court.

The case of Adams v. Chicago, B. & N. R. Co., 39 Minn. 288, 39 N. W. 629, is also relied upon by appellant, but it is decisive against his claim. The damages of the plaintiff in the Adams Case were similar to those sustained by the appellant; differing, however, in degree, viz. the pollution of the air with cinders, soot, smoke, and noxious gases emitted by the passing engines of the defendant, which came into his house, obstructed the light, poisoned the air, and settled upon his furniture. Yet this court modified the decision of the court below because the plaintiff's damages were not, by the evidence, limited to those sustained from the railway track, and the movement of cars thereon by steam locomotives, immediately in front of his premises. This modification rested upon the proposition that the plaintiff, and all other owners of property fronting or abutting upon the street along which the defendant's railway ran, had an easement in the street, to its full width, in front of their premises, for light and air, and that the operating of its track in front of his premises so as to pollute the air and impair the light was a positive invasion of the plaintiff's property, although the tracks did not physically touch his premises. These damages were special to the plaintiff, because, and only because, his easement in the streeet in front of his premises was invaded; but any damages which he sustained by smoke, cinders, and soot emitted by the locomotives in any part of the street not in front of his premises were not special to him, but such as all other property owners in that vicinity suffered, whether their lots fronted on the street or not, and for these damages he could not recover. This limitation, however, would not apply to an obstruction on the street, although

away from the appellant's premises, which materially interfered with his access to them; but such is not this case, for his damages are such as were rejected in the Adams Case, and access to his lot has not been materially impaired.

Order affirmed.