## LOUIS LESIEUR v. CUSTER COUNTY.

FILED APRIL 10, 1901.  No. 9,431.

1. **Public Proof:** DAMAGES: CONDEMNATION: PHYSICAL APPROPRIATION: BURDEN OF PROOF.  In an action to recover damages resulting from the location of a public road, the burden is on the plaintiff to show that his land has been regularly condemned, or at least that it has been physically appropriated to the use of the public by the county authorities.

2. **Filing Petition:** NOTICE: CONDITIONS PRECEDENT.  The filing of a petition in accordance with section 4 of the road law (Compiled Statutes, 1899, ch. 78), and the giving of notice in compliance with section 18 of said law, are conditions precedent to the making of an order by the county board establishing a public road.

3. **Deed:** EVIDENCE OF TITLE.  A deed, unaided by other proof, is not ordinarily evidence of title to land described therein.

ERROR from the district court for Custer county. Tried below before GREENE, J.  *Affirmed.*

*H. J. Shinn* and *Nathan T. Gadd,* for plaintiff in error.

*J. R. Dean, contra.*

SULLIVAN, J.

Louis Lesieur, the plaintiff in error, appealed from an adverse decision of the county board of Custer county upon a claim for damages filed under the provisions of the road law. In his petition in the district court he alleged that he was the owner of a quarter section of land in Custer county; that a petition had been filed in the office of the county clerk of said county signed by J. T. Ripley, W. W. Thompson, A. N. Copsey, "and others, praying for the location of a public highway across the premises of this plaintiff," and that the board of supervisors "acted upon said petition and located said highway." It was also alleged in the petition that the plaintiff sustained damages to the amount of $200 by reason of the location of said road. The answer of the county was in substance a general denial. A jury impaneled to try the cause found, in obedience to a peremptory instruction, that the plaintiff had no cause of action, and judgment was thereupon rendered in favor of the defendant. We are of opinion that the trial court reached a right conclusion and that its decision should be affirmed.

The county having denied the existence of a road across the premises described in the petition, the burden was on the plaintiff to show that his land had been regularly condemned, or at least that it had been physically appropriated to the use of the public by the action of the county authorities. There is nothing whatever in the record from which it may be legitimately inferred that the petition contemplated by section 4 of the act on the subject of roads (Compiled Statutes, 1899, ch. 78) was ever filed in the office of the county clerk, or that the notice mentioned in section 18 of the same act was ever given. That the filing of a petition in accordance with section 4, and the giving of notice in compliance with

section 18, are conditions precedent to the making of an order by the county board establishing a public road has been long settled in this state. *Sioux City & P. R. Co. v. Washington County*, 3 Nebr., 30; *Robinson v. Mathwick*, 5 Nebr., 252; *Doody v. Vaughn*, 7 Nebr.; 28; *State v. Otoe County*, 6 Nebr., 129; *Beatty v. Beethe*, 23 Nebr., 210. In *Robinson v. Mathwick, supra*, at page 255, it is said: "The board of county commissioners is a tribunal possessed of but a very limited jurisdiction, which is clearly defined by the statutes; and it is essential that all the facts necessary under the statute to authorize their action in any given case, be affirmatively shown. In the location of a county road, the commissioners have no jurisdiction, unless the petition mentioned above be presented after due notice thereof has been given. If they presume to act without an observance of these plain statutory requirements, it would be without authority; and whatever they might do would be merely void." Under the doctrine of the cases cited it is entirely clear that the plaintiff did not show that the county board had jurisdiction or authority to make a valid order establishing a road across the land described in the petition. In other words, he failed to prove that the land had been condemned. And he made no attempt to show that the road had been actually opened, worked, improved or in any way recognized by the county authorities as a *de facto* thoroughfare. There being no evidence that Lesieur had been either legally or actually deprived of his property by any action of the authorities of Custer county, the trial court did not err in directing a verdict for the defendant.

There is another reason why the instruction complained of was properly given. There is no competent evidence that plaintiff was the owner of the land for which he claims damages. He was not in possession, and the only proof of ownership offered was a deed from a man named James A. Vandeventer. This was, of course, no evidence of title.

The judgment is

AFFIRMED.