63  243
63  534

M. T. Jones *et al.* v. The City of Chanute *et al.*
No. 12,339.   (65 Pac. 243.)

SYLLABUS BY THE COURT.

1. Public Nuisance — *Parties to Action in Abatement.* One complaining of the nuisance of a ditch or open sewer, into which is drained refuse and filthy matter, giving off disagreeable odors and poisonous exhalations, who sustains no damage from it peculiar or special to himself, but only such as is common, in greater or less degree, to the whole public, cannot maintain an action in his own name to abate the nuisance. It can be abated only by a prosecution instituted in behalf of the public by the proper officers.

2. ———— *"The Public" Defined.* By the words, "the public," used with respect to the collective body in whose behalf a prosecution to abate a common nuisance must be brought, are meant all those who are affected by the nuisance in the same way, or who, having occasion to come in contact with it, may be affected in the same way, though differing in the extent or degree to which they may be injured.

Error from Neosho district court; L. Stillwell, judge. Opinion filed June 8, 1901. Division two. Reversed.

*H. P. Farrelly,* and *John J. Jones,* for plaintiffs in error.

*J. L. Denison,* for defendants in error.

The opinion of the court was delivered by

Doster, C. J.: This was an action to abate a nuisance brought in the court below by the defendants in error against the plaintiffs in error. A demurrer to the petition as to the city of Chanute was sustained, but overruled as to the other plaintiffs, and, therefore, the city is not a party to this proceeding in error. The plaintiffs in error, defendants below, are the proprietors of a hotel situated in the city. The alleged nuisance consists of kitchen washings, excreta from

the hotel closets, and other refuse and filthy matter, drained from the hotel building into an open ditch or sewer, near which the defendants in error, plaintiffs below, reside.    Upon the hearing affidavits alone were used, and a permanent injunction, abating the drain from the hotel into the open sewer, was awarded. The defendants below complain of the order of the court overruling their demurrer to the petition, and complain of the final order of injunction, and, hence, prosecute error to this court.

The ground of error principally argued before us is the overruling of the demurrer.    It is questionable whether the petition states a cause of action in behalf of the plaintiffs as individual citizens, because it

1. Public nuisance —abates at suit by public only.

appears, by some of its allegations, to declare against a "public" as distinguished from a "private" nuisance.    It is not necessary, however, to determine whether the demurrer was rightly overruled.    An examination of the evidence quite clearly shows that the nuisance complained of is of the character designated "public," and, being such, can be abated at the suit of "the public" only.    The plaintiffs do not undertake to show that the injuries they received from the nuisance are anywise different in character from those sustained by others of the general public of the city. The affidavits of a large number of persons other than the plaintiffs, living in proximity to the open ditch or sewer, show that they, as well as the plaintiffs, were affected by the odors from the ditch and are equally liable to be affected by the poisonous exhalations from it.    Others living more remote from the ditch, whose business requires them to cross over or pass near it, or remain for a time in proximity to it, made affidavit to its disgusting, disagreeable and

Jones v. Chanute.

dangerous character. These two classes of persons last mentioned may not be affected by the nuisance to the same degree as the plaintiffs, but it is clear from the testimony that they are or may be affected by it in the same way as the plaintiffs. The law is quite well settled :

"An injunction may be granted in the name of the state to enjoin and suppress the keeping and maintaining of a common nuisance. The petition therefor shall be verified by the county attorney of the proper county, or by the attorney-general, upon information and belief, and no bond shall be required." (Gen. Stat. 1901, § 4700.)

In an action by a private individual to abate a public nuisance, it must be shown that the plaintiff has sustained damages peculiar to himself. It is not enough that such damages are greater than those sustained by the public at large, differing from them only in degree ; they must be different in kind. (*School District v. Neil*, 36 Kan. 617, 14 Pac. 253, 59 Am. Rep. 575.) The general rulings of the court are that, before a private citizen can be allowed to maintain an action for the redress of a public wrong, he must allege and show some interest personal and peculiar to himself that is not shared by or does not affect the general public ; and it is not enough that his damages are greater than those sustained by the general public, differing from them only in degree. (*Comm'rs of Barber County v. Smith*, 48 Kan. 331, 29 Pac. 565 ; 2 Wood, Nuis., 3d ed., § 732.)

It is often difficult to tell whether a nuisance is so general in its character, that is, affects a sufficient number of persons, as to justify its characterization as a "public nuisance." In such cases how many persons shall be called "the public"? Of course, in one

sense, the public is everybody; but, manifestly, that is not the sense in which the word is used in the law relating to nuisances. In that law, by the words "the public" are meant those who reside in definite municipal boundaries, entitled to the protection of the local laws and to be represented by the local officers; and yet cases of nuisances affecting all the people of the local municipality will rarely occur. The words "the public" must therefore have even a narrower signification, and be inclusive of even a less number. We think that the definition of the words, with relation to the subject in hand, is quite clearly indicated, if not stated, in a note to Wood on Nuisances, *supra*, wherein it is said:

2. "The public" defined.

"It has now come to be understood that a public nuisance does not necessarily consist in any act or thing which does *in fact* annoy all the public, but to that which *may* annoy all who come in contact with it."

In the sense thus indicated, it is quite clear that the nuisance in question, under the evidence before us, is public in its nature. It must therefore be abated by a public prosecution.

The judgment of the court below is reversed, for proceedings in accordance with this opinion.

SMITH, POLLOCK, JJ., concurring.