FRED GEORGE, JR., APPELLEE, v. HERMAN PECKHAM, APPELLANT.

FILED MAY 17, 1905. No. 13,735.

1. **Nuisance: INJUNCTION.** The process of injunction cannot be availed of by a private citizen to abate a purely public nuisance from which he suffers no special or peculiar injury of a continuing nature for which an action at law will afford him no adequate remedy or redress.

2. **Jurisdiction.** It is not enough to confer jurisdiction upon equity that the plaintiff has suffered damages special and peculiar to himself and in which the public do not share, but such damages must be of such character as to be incapable of being measured and compensated in damages.

3. **Special Damages.** Damages to an individual are not rendered special or peculiar within the meaning of the above mentioned rule by the fact that they exceed those inflicted upon the general public in degree, but to have that character they must differ from the latter in kind.

APPEAL from the district court for Lincoln county: CHARLES L. GUTTERSON, JUDGE. *Reversed and dismissed.*

*Wilcox & Halligan,* for appellant.

*Hoagland & Hoagland* and *Beeler & Muldoon, contra.*

AMES, C.

The issues and facts in this case are thus stated in the brief of appellant, and, as they appear not to be in dispute, we adopt the recital. The case was submitted without oral argument.

The plaintiff in his petition alleged that there was a public highway leading south from Brady Island, across a bridge over the Platte river, to the south side of said river,

through the N. W. ¼ of section 14, T. 12, R. 27, which was free for every one to pass and repass at pleasure; that the plaintiff was a resident of Lincoln county, residing near the N. E. corner of section 15, T. 12, R. 27; that he traveled said road in going to and from Brady Island; that he had about ten car loads of hay, which it was necessary for him to haul over said road and load the same on cars at Brady Island; and that on the 8th day of April, 1903, he proceeded to haul said hay, as he had a right to do; that the defendant on the said 8th day of April proceeded to obstruct said road by the construction of ditches across the same, on or near the N. W. corner of section 14, T. 12, R. 27, which said ditches obstructed the highway and prevented the plaintiff from hauling his hay over said highway, and compelled him to take a circuitous route over boggy and stumpy lands, which had not been worked as a highway, by which cause plaintiff had been obstructed in his right to travel over said road, and had been damaged by the loss of time, causing him much trouble in having his loads of hay damaged, all to his damage in the sum of $100; that said obstruction made said highway impassable for teams, and prevented the plaintiff and others who desired to travel said highway from so doing; that the plaintiff, if said obstruction in said highway was allowed to continue, would suffer special damage, because of the fact that plaintiff had a large amount of hay which he was in process of baling, and which was necessary for him to load in cars at Brady Island, and that he must necessarily travel over the highway thus obstructed by the defendant; that unless he could haul his hay over said highway, he would be damaged in a large amount by his failure to get his hay to market, and that no adequate remedy at law existed for said damages; and that the defendant threatened to continue the said obstruction. He prayed an injunction against the defendant and for $100 damages, as aforesaid. The defendant answered, admitting his residence in Lincoln county; denied that a public highway existed where claimed by the plaintiff; denied that the de-

fendant obstructed said highway; denied the plaintiff's
damage, and that he had no adequate remedy at law; and
further answered that no road had ever been laid out
across his place, but that he had permitted the public to
use a right of way over a portion of his land, reserving
to himself the right to require the public to travel in such
places as were most convenient and advantageous to the
defendant.   He further alleged that said alleged highway
ran upon his said land along the banks of the Platte river,
and that the Platte river had been washing away his said
land and the said highway over which the public traveled;
that, in order to prevent the washing away of said land,
he had prepared another road, adjoining and parallel to
the road in question, over which he desired the public to
travel, for the purpose of allowing the old road to grow
up into trees and willows, in order that the land on which
said road was situated might better resist the encroach-
ments of the river.   He alleged that the new way prepared
by him was in every respect equal to the old one, and ad-
mitted that he had plowed furrows across the old road in
order to compel the travel to go on the new road, and he
alleged that he did this under the direction of the road su-
pervisor.   The reply was in effect a general denial, and
also a plea of estoppel, claiming that the defendant was
estopped to deny the existence of a public road by rea-
son of the fact that the defendant permitted the said road
to be worked by the public officials from year to year,
and that the defendant himself had assisted in working
the road.   The testimony, both for the plaintiff and the
defendant, was practically the same, the only disputed
point being whether or not the new road was in good con-
dition; the plaintiff and one or two witnesses testifying
that the new road was not in good condition, and that it
was impossible to haul as large loads over the new as old
road, while the defendant, the road overseer, and all of
his witnesses testified that the new road was in fairly good
condition, and that just as heavy loads could be hauled
over the new road as over the old one.   The plaintiff him-

self testified that he did not attempt to haul hay over the new road at first; that he had a load of hay that would weigh three tons, and that he drove it right down into the ditch that the defendant had plowed across the old road, and, without attempting to go over the new road, unhitched his four-horse team from the wagon, leaving the wagon in the road, took his team home, and then started for town to begin legal proceedings against the defendant. The district court, after trial, granted a perpetual injunction as prayed, and awarded the plaintiff the sum of $200 as damages, and the defendant appealed.

The wrongs of which the plaintiff complains appear to us to be divided between two distinct categories which he and the trial court seem to have confused. If it be true that the defendant, as the immediate consequence of his obstruction of the highway, if it was a highway, inflicted a special and peculiar damage upon the plaintiff by preventing him from hauling his hay to market, an action at law would have afforded speedy and adequate redress therefor. This consequence of the wrongful act, if it were such, was immediate, and did not differ materially in its alleged effect upon the plaintiff from that of an ordinary act of trespass of which equity has no jurisdiction. If, subsequently, the defendant continued to obstruct a public highway so as to render the same unsuitable for travel, the injury, if any, which the plaintiff experienced therefrom was suffered in common with the rest of the public, and was not in any sense special or peculiar to himself, and was therefore one which could be redressed only at the suit of the public. There is, happily, as little dispute between counsel about the law as there is about the facts, though a large number of authorities illustrative of its various phases are cited in behalf of each party. We do not think that it is incumbent upon us to review them here. It is familiar law that the process of injunction cannot be availed of by a private citizen to abate a purely public nuisance from which he suffers no special or peculiar injury of a continuing nature for which an action at

law will afford him no adequate remedy or redress, and that for a single injury capable of estimation in damages, although inflicted in the perpetration of a public wrong, compensation must be sought in a court of law. *Eidemiller Ice Co. v. Guthrie,* 42 Neb. 238, 254; 3 Pomeroy, Equity Jurisprudence, sec. 1349; *Shed v. Hawthorne,* 3 Neb. 179; *Ray v. Colby & Tenney,* 5 Neb. (Unof.) 151; *Hill v. Pierson,* 45 Neb. 503. To the same effect seem to be all the authorities. It is not enough to to confer jurisdiction upon equity that the plaintiff has suffered damages special and peculiar to himself and in which the public do not share, but such damages must be of such a character as to be incapable of being measured and compensated in damages. The law is equally well established that if the damages suffered by an individual are of the same nature as those inflicted upon the public at large, they are not rendered special and peculiar within the meaning of the above mentioned rule by the fact that they exceed the latter in degree. In order to be included within the rule they must differ from the latter in kind. *Jones v. City of Chanute,* 63 Kan. 243, 65 Pac. 243; *O'Brien v. Central Iron & Steel Co.,* 158 Ind. 218, 63 N. E. 302; *Gundlach v. Hamm,* 62 Minn. 42, 64 N. W. 50.

Tested by these rules, it is quite evident that the suit cannot rightfully be maintained, and we recommend that the judgment of the district court be reversed and the action dismissed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the action dismissed.

REVERSED.