GEORGE C. LETHERMAN ET AL., APPELLANTS, V. ADAM HAUSER ET AL., APPELLEES.

FILED DECEMBER 7, 1906. No. 14,329.

1. **Highways: VACATION.** The statutory provision that a petition for the establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of the road is jurisdictional.

2. ———: **JURISDICTION.** The facts essential to the jurisdiction of a county board to establish or vacate a road must affirmatively appear on the record of the proceedings.

3. **Nuisance: INJUNCTION.** A party complaining of a public nuisance is not entitled to relief by injunction, unless he shows some special injury to himself different from the common injury to the public.

4. **Highways: VACATION.** An elector residing within five miles of a public road has such special interest therein, independent of that which he has in common with the public, as will enable him to maintain a suit to restrain the unlawful closing of such road to public travel.

5. **Injunction: REMEDY AT LAW.** On the facts stated, held that the plaintiff had no adequate remedy at law.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*Aaron Wall, H. M. Mathew* and *R. J. Nightingale,* for appellants.

*T. S. Nightingale, R. P. Starr* and *J. S. Pedler, contra.*

ALBERT, C.

This suit was brought to restrain the defendants from obstructing and closing an alleged public road. The petition describes the road, shows that at least one of the plaintiffs resides within five miles of it, and charges that the defendants are obstructing and closing it to public travel. The defense is based on three grounds: (1) That previous to the obstruction and closing of the road by the defendants it had been duly vacated by the county board; (2) that the plaintiffs sustain no other or different injury from the obstruction of the road than that sustained by the public generally; (3) that plaintiffs have one or more adequate remedies at law. As to the first defense the court made no finding, but as to the others found for the defendants, and dismissed the suit. The plaintiffs appeal.

The record shows that proceedings were had before the county board looking to the vacation of this road. But there are several reasons why such proceedings are not available as a defense to this suit, one of which is that they were not carried forward to a final order or judgment vacating the road. Another reason is that the record of the proceedings before the county board fails to show that any of the parties who petitioned for the vacation of the road reside within five miles of it. Section 4, ch. 78, Comp. St. 1903, provides, in substance, that the petition for the establishment or vacation of a public road shall be signed by at least ten electors residing within five miles of the road to be established or vacated. That at least ten of the petitioners reside within five miles of the road is a jurisdictional fact which must affirmatively appear on the record of the proceedings. *Doody v. Vaughn,* 7 Neb. 28; *Lesieur v. Custer County,* 61 Neb. 612, and cases cited. As it does not thus appear in this case, the record is fatally defective.

But it is insisted that the plaintiffs must fail because they have failed to show any special injury to themselves different from the common injury to the public. The acts

charged against the defendants constitute a public nuisance, and it is well settled that a party complaining of a public nuisance is not entitled to relief by injunction unless he shows some special injury to himself, different from the common injury to the public. 1 High, Injunctions (4th ed.), sec. 762; 4 Pomeroy, Equity Jurisprudence (3d ed.), sec 1349; *Taylor v. Portsmouth, K. & Y. Street R. Co.,* 91 Me. 193, 64 Am. St. Rep. 216; *Zettel v. City of West Bend,* 79 Wis. 316, 24 Am. St. Rep. 715; *Clark v. Chicago & N. W. R. Co.,* 70 Wis. 597, 5 Am. St. Rep. 187. But in this case at least one of the plaintiffs (Letherman) is an elector, and resides within five miles of the road in question. In the proceedings instituted before the county board for the vacation of the road he and the other plaintiffs appeared and remonstrated against such action. In *Throckmorton v. State,* 20 Neb. 647, the relator asked a writ of mandamus to compel the county board to open a certain section line road. His right to maintain the suit was assailed on the same ground upon which plaintiffs' right to maintain this suit is now assailed. But the court there held that the fact that the relator was an elector residing within five miles of the road gave him such a special interest therein, independent of that which he had in common with the public, as would enable him to maintain the suit. The reasoning in that case applies with equal force to this, and justifies the conclusion that the plaintiff Letherman at least has a sufficient special interest in the road, independent of such as he shares in common with the public, to enable him to maintain this suit.

As to the third defense, so far as the plaintiff Letherman is concerned, he has, as we have seen, a special interest in the road. It is his best and most available route to his market town and county seat. He has a present right to its use. The damages resulting to him by its obstruction, while real and substantial, could hardly be ascertained by reference to any pecuniary standard. Proceedings at law, whether civil or criminal, would not be sufficiently prompt to be effective. In such circumstances

injunction is the proper remedy. Elliott, Roads and Streets, ch. 33, p. 665; 1 High, Injunctions, secs. 594-596. See, also, *Eidemiller Ice Co. v. Guthrie*, 42 Neb. 238.

We discover no defense to this case as made by the plaintiff Letherman, and we recommend that the decree of the district court be reversed and the cause remanded, with directions to enter a decree in favor of the plaintiff. Letherman, enjoining and restraining the defendants and their successors, agents and employees from obstructing or closing the road in question.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded, with directions to enter a decree in favor of the plaintiff Letherman, enjoining and restraining the defendants and their successors, agents and employees from obstructing or closing the road in question.

JUDGMENT ACCORDINGLY.