M. L. JOHNSON v. OLE ANDENGAARD.[1]

February 1, 1907.

Nos. 15,029—(140).

**Action to Remove Obstruction in Street.**

The general rule that private action will not lie to remove an obstruc-
tion in a public street, except in favor of a person who shows an injury
peculiar to himself different from that suffered by the public at large, ap-
plied to the facts of this case, and plaintiff *held* not entitled to recover.

Action in the district court for Blue Earth county to enjoin defendant
from maintaining a building on an alley. The case was tried before
Lorin Cray, J., who found in favor of defendant. From an order de-
nying a motion for a new trial, plaintiff appealed. Affirmed.

*Thomas & Evan Hughes,* for appellant.

*W. A. Funk,* for respondent.

BROWN, J.

The facts in this case are as follows: Plaintiff is the owner of lot
16 and defendant is the owner of lot 10, both in Fletcher's subdivision
of lots 1 and 2 of Cummings' addition to Mankato. Both lots abut
upon an alley twelve feet wide extending through said subdivision. De-
fendant's barn, erected upon his lot, extends over the line and into the
alley a distance of a foot or more, interfering to that extent with the
free use and enjoyment of the same. Plaintiff brought this action to
restrain and enjoin defendant from so maintaining his barn, to compel
him to remove the same, and for damages alleged to have been occa-
sioned plaintiff by reason thereof. The court found that defendant's
barn did project into the alley, but not so as to interfere materially
with the free use of the alley by plaintiff and the public generally, and
that plaintiff had suffered no damages in consequence thereof. Judg-
ment was ordered for defendant, and plaintiff appealed from an order
denying his motion for a new trial.

Whatever may be the merits of the controversy between the parties,
whether defendant's barn in fact projects into the alley or not, the order

[1] Reported in 110 N. W. 369.

denying a new trial must be affirmed, for the reason urged by respondent, viz., that plaintiff cannot maintain the action. The alley in question was dedicated to the public use by the person filing the plat, and all the public are entitled to the free use of it to the same extent as the owners of property abutting thereon. It is elementary that for an obstruction to such a thoroughfare private action will not lie, except in favor of a party who is specially and peculiarly injured in a way differing from that of the public at large. Gundlach v. Hamm, 62 Minn. 42, 64 N. W. 50, and cases cited; Long v. City of Minneapolis, 61 Minn. 46, 63 N. W. 174.

Plaintiff shows no injury peculiar to himself, none not common to the public, and within the authorities he cannot maintain the action. The cases cited in support of his right of action are not in point. McFarland v. Lindekugel, 107 Wis. 474, 83 N. W. 757, presented a case between the owner of platted ground, claiming that the streets shown by the plat had never been dedicated to the public, and a person who had purchased one of the lots forming part of the plat. It was held that, the lot having been sold with reference to the streets shown on the plat, the owner thereof was estopped from denying their existence. Lord v. Atkins, 138 N. Y. 184, 33 N. E. 1035, was an action of trespass, and the question involved was whether the locus in quo was a public highway. The question here presented was not there before the court.

Order affirmed.