AUGUST FITZER v. ST. PAUL CITY RAILWAY COMPANY.[1]

July 31, 1908.

Nos. 15,706—(176).

**Street—Interference with Right of Abutting Owner.**

The occupation of a street by the construction of a permanent improvement at a point eighty eight feet from premises fronting thereon, with the result that pedestrian travel on that side of the street was diverted in other directions, constitutes an interference with the natural property rights enjoyed by the owner.

**Same—Special Damages.**

*Held*, the construction of a tunnel and its approaches in the street upon which respondent's lot abutted constitutes special damages not suffered in common with the general public.

Action in the district court for Ramsey county to recover $3,000 for damage to plaintiff's property alleged to have been sustained by the construction and maintenance of a certain tunnel. The case was tried before Kelly, J., who at the close of plaintiff's testimony, dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*O. E. Holman*, for appellant.

*Munn & Thygeson*, for respondent.

LEWIS, J.

Appellant is the owner of a lot in the city of St. Paul, having a frontage of sixty three feet on Third street and one hundred forty three on Pleasant avenue, occupied by a two-story building used for residence purposes, facing on Pleasant avenue and having a rear entrance along a five-foot passageway from Third street. Prior to the encroachment complained of, a passageway and sidewalk existed along the south side of Third street and Selby avenue to Summit avenue, and beyond. In 1906–1907 respondent constructed what is known as the "Selby Hill Tunnel," through which it operates its electric street railway. The entrance to this tunnel is one hundred ten feet distant from appellant's property at its nearest point.

[1] Reported in 117 N. W. 434.

This action was brought to recover damages for injuries to appellant's property by reason of the construction of the tunnel, upon the express ground that it diverted the travel up and down the sidewalk on the south side of Third street, and also that portion of the travel which naturally crossed over to the south side of Third street from the north side. At the close of the case the trial court dismissed the action on the ground that whatever damage appellant suffered because of the diversion of the foot travel was not different in kind, though it might be different in degree, from that suffered in common with the general public in that vicinity. Gundlach v. Hamm, 62 Minn. 42, 64 N. W. 50.

Although the question is not entirely free from doubt, we are inclined to the opinion that the learned trial court did not give due weight to the evidence introduced on behalf of appellant in holding it did not appear that he was in any manner specially damaged. In Gundlach v. Hamm, supra, the defendant was charged with damaging plaintiff's business by constructing a track in a street upon which it operated engines which emitted steam, smoke, and cinders to such an extent that the air was permeated with the same, and plaintiff's merchandise polluted, though his property was located about three hundred feet distant. The court held, distinguishing the case from Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072, that the damage by reason of smoke, cinders, and soot was not special and peculiar to the plaintiff, but was such as all other property owners in that vicinity suffered, whether their lots fronted on the street or not.

It seems doubtful whether there was any substantial diversion of travel from the south to the north side of the street; but it is clear that, if pedestrians who naturally passed on the south sidewalk by appellant's property were turned in other directions by respondent filling up the space with the tunnel and its approach, at a point about ninety one or one hundred feet from appellant's premises, it was an interference with a natural right he enjoyed by virtue of the location of his property for prospective business purposes, and that the damage likely to follow from such diversion is not the same in kind as suffered by the public generally. Such damage may not be great, but, if permanent, may be substantial.

A feature which distinguishes appellant's premises from property farther down the street east is the fact that no street intervened be-

tween the cul-de-sac and appellant's lot, while Pleasant avenue intervenes between the lot and other property towards the city. The situation is similar to the facts in Vanderburgh v. City of Minneapolis, 98 Minn. 329, 108 N. W. 480, 6 L. R. A. (N. S.) 741. If, in that case, it was an interference with special property rights to cut off access to property by closing up one end of a street, it follows that there was special injury to the property rights of appellant in cutting off the travel which naturally came by his Third street frontage. The principle involved is the same, and the fact that in that case the street was vacated up to a line with the plaintiff's premises, while in this case the point of interference with the sidewalk commences at a distance of eighty eight feet to the west, is a difference of no importance. In that case a cul-de-sac was created by closing the entire street to all travel, while in this case a cul-de-sac was created as to all pedestrians on the south side of the street by removing the sidewalk and blocking up the passageway. "The interest in the street, which is peculiar and personal to the abutting lot owner, and which is distinct and different from that of the general public, is the right to have free access to his lot and buildings, substantially in the manner he would have enjoyed the right in case there had been no interference with the street." This statement of the law was approved in the Vanderburgh case, and is applicable here.

Respondent, at the argument, claimed that there was no permanent cutting off of the sidewalk on the south side of Selby avenue and Third street, and that it was the intention of the company to relocate the same as soon as the street could be properly graded for that purpose. We find no evidence in the record to sustain the assertion, and are satisfied that, in so far as the use of the sidewalk on the south side is concerned, the diversion of travel was complete and permanent.

Reversed.

START, C. J., and BROWN, J. (dissenting).

We dissent on the ground that the evidence fails to show that the plaintiff has suffered any damages, by reason of the construction of the tunnel, different in kind from those sustained by the public in common with himself. Gundlach v. Hamm, 62 Minn. 42, 64 N. W. 50; Johnson v. Andengaard, 100 Minn. 130, 110 N. W. 369.