DANIEL W. DONOVAN, APPELLANT, v. UNION PACIFIC RAIL-
    ROAD COMPANY ET AL., APPELLEES.

FILED MARCH 27, 1920.   No. 20959.

1. **Highways: DEDICATION.** Evidence examined, and *held* to show that
the highway in controversy was acquired by the public by both
prescription and dedication.

2. ———: ———: WIDTH. The width of a public highway, acquired
by adverse user or dedication, is to be determined as a question of
fact by the character and extent of the user, or the amount ac-
tually dedicated to public use. It need not be 66 feet in width, as
prescribed by statute.

3. **Adverse Possession: NUISANCE IN HIGHWAY.** The ten-year statute
of limitations does not run in favor of one maintaining an ob-
struction in the public highway constituting a nuisance, as against
either the public or an elector living within five miles of the high-
way who is peculiarly damaged thereby.

Opinion on motion for rehearing of case reported in
103 Neb. 663. *Former judgment of affirmance vacated,
and judgment of district court reversed.*

CORNISH, J.

On motion for rehearing of *Donovan v. Union P. R.
Co.,* 103 Neb. 663.

In 1874 the county officials of Merrick county, by pro-
ceedings more or less irregular, attempted to lay out and
establish a road along the south side of and in defend-
ant railroad company's right of way, running from
Chapman to the Hall county line. From that time until
about 1899, except as occasional obstructions in the road
would prevent it, the road (with one detour of about a
mile long, occasioned by trees, at a point known as the
Strotman place) was traveled by the public as its high-
way, and became a highway by prescription. In 1895,
in a suit brought by Clark and others, receivers, for the
Union Pacific Railway Company against the county of
Merrick, to enjoin the opening up of the road, a stipula-

tion was entered into, which recites as follows: "That the public highway of the county of Merrick, Nebraska, heretofore used and occupied by it parallel to the track of the Union Pacific Railway upon the right of way granted by acts of congress to the Union Pacific Railway Company is and shall be located and established so that the north line of the said highway is and shall be sixty-three feet south from and parallel to the center line of the main track of said railroad," etc. Then follows a further description of the road, so that it would not interfere with the depot grounds and stock-yards in towns.

We are of opinion that this stipulation, agreed to by the county board, and upon which the decree of the court was based, constituted a dedication to the public, for highway purposes, of the land therein described, binding upon the company and its lessees; that the land described, so far as it pertains to the defendant Union Pacific Railroad Company, is the same as that constituting the road in controversy, and substantially the same as that acquired by adverse user; and that the judgment of the trial court must be reversed. *Burk v. Diers,* 102 Neb. 721; *Lydick v. State,* 61 Neb. 309; *Lyons v. Mullen,* 78 Neb. 151; *Perry v. Staple,* 77 Neb. 656; *Kendall-Smith Co. v. Lancaster County,* 84 Neb. 654.

We will now consider certain reasons, given in the briefs, why it is thought this conclusion should not be reached.

Is the plaintiff empowered to bring this action? He is an elector, residing within five miles of the road, and would appear to be peculiarly damaged by its abandonment, in that the distance which he must travel going to town is thereby lengthened three miles. This objection is met by our decision in *Letherman v. Hauser,* 77 Neb. 731.

It appears that 14 years had elapsed at the time of bringing this action since the road had been used for highway purposes and it is urged that this operated as

a statute of limitations against both the public and the plaintiff. We are of opinion that the evidence does not show that the public ever voluntarily abandoned the road as a public highway. The evidence indicates that at one time the public authorities constructed culverts in the highway. Following the stipulation above referred to, the county undertook to lay out the highway, and ordered its overseers to clear obstructions from the road. The statute provides a way in which a public highway, needless or expensive, may be vacated. Rev. St. 1913, secs. 2856, 2857. This statute was not followed. A highway, once established, becomes the property of the public. The county acts as the agent of the public, and is not a necessary party to the action. The statute of limitations does not run against the public. A highway obtained by prescription or dedication does not need to be 66 feet wide, the width prescribed by the statute for laying out a highway.

Plaintiff, in bringing this action, acts in the name of the public and in its behalf. While it is true that, to maintain the action, he must show an interest different from the public generally, when he does show such interest he is clothed with all the powers and can assert the same rights as the public could, if it were bringing the action. It is not as if he were seeking to enforce a strictly private right. When this case was before us on demurrer to plaintiff's petition, we so held.

Section 7564, Rev. St. 1913, limiting the time for commencing actions for recovery of title or possession of lands, and excepting counties, cities, towns and villages from its provisions, is not applicable. The easement which the public acquires in land used as a highway has never been subject to loss by adverse possession before the amendment to this section. Lapse of time cannot establish a right to maintain a public nuisance. *Krueger v. Jenkins*, 59 Neb. 641; 20 R. C. L. 498, sec. 114; *Ralston v. Town of Weston*, 46 W. Va. 544, 76 Am. St. Rep. 834.

Whatever conditions were in the stipulation between the defendant railroad company and the county shown in the petition were conditions subsequent, and not such as would work a forfeiture of the land dedicated for a public highway.

We are of opinion that, under the Norris act (37 U. S. St. at Large, ch. 181, p. 138), validating the conveyances and agreements of the railroad company concerning land, all question of the right of the railroad company to enter into the stipulation is removed.

We are of opinion that the road acquired by the public by user and dedication is in accordance with the one stipulated for in the suit of Clark v. County of Merrick. Through the government sections, where the Union Pacific Railroad Company's right of way is 400 feet in width, the highway acquired by user and dedication is 66 feet in width, the north line being 63 feet south of the center line of the main track. In sections where the width of the right of way is 200 feet, the highway is 37 feet in width.

The former opinion is set aside, and the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

DAY, J., not sitting.