JOHN E. BURKHARDT ET AL., APPELLEES, V. ALICE M. CIHLAR ET AL., APPELLANTS.

32 N. W. 2d 197

Filed May 7, 1948.   No. 32345.

*Roscoe L. Rice* and *W. Keith Peterson,* for appellants.

*W. A. Meserve,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Appellees John E. Burkhardt and Lydia B. Burkhardt, plaintiffs below, brought this action in the district court for Knox County. The purpose of the action is to permanently enjoin the appellants Alice M. Cihlar and Vinc Cihlar, defendants below, from maintaining or permitting to be maintained any fences on and across road No. 225 as it traverses the northwest quarter of Section 2, Township 29 North, Range 7 West, of the 6th P. M., in Knox County, Nebraska, and for the recovery of damages. From a judgment in favor of the appellees granting the injunctive relief, their motion for new trial having been overruled, the appellants have perfected this appeal.

Since the various quarter sections of land herein involved are all in the same township and range in Knox County, Nebraska, that is, Township 29 North, Range 7 West, of the 6th P. M., they will be herein cited by referring only to the section wherein located.

The record establishes that the appellees are the owners of the northeast quarter of Section 5 which they have owned for many years and farm as their home place; that by deed dated August 7, 1944, appellees became the owners of the southwest quarter of Section 2 of which they went into possession on March 1, 1945, and have been in possession thereof ever since, and are now farming it; that appellants own, are in possession of, and farm the northwest quarter of Section 2 which they

acquired by deed dated October 21, 1943; that this deed provided that they take the title thereto "subject, * * * to all rights in roads and highways;" that on August 15, 1890, the County Board of Knox County established road No. 225 pursuant to a petition which had been filed on May 10, 1888; that road No. 225, as established, crossed the northwest quarter of Section 2; that the line of said road No. 225 across the northwest quarter of Section 2, as shown by the survey, is as follows: "Commencing at a point 12 chains 10 links east of the North Quarter Post of Sec. 2, Twp. 29, Rg. 7, W., thence South variation 47 degrees West, 10 chains 26 links, thence South variation 31 degrees 65 minutes West, 18 chains 57 links, thence South variation 16 degrees West, 23 chains 78 links, thence South variation 8 degrees 10 minutes West, 5 chains 96 links, to the East Bank of Verdigris Creek;" and that the distance which the appellees must travel in going from their home place to the southwest quarter of Section 2, by public roads, would be about four miles shorter provided they could use road No. 225 across the northwest quarter of Section 2.

It is on this road, as it traverses the northwest quarter of Section 2, that the appellees are seeking to permanently enjoin the appellants from maintaining or permitting to be maintained any fences.

Two of appellants' contentions are as follows: That appellees have not established any special injuries peculiar to themselves, aside and independent of injury to the general public, to entitle them to injunctive relief; and that appellees have an adequate remedy at law.

If road No. 225 across the northwest quarter of Section 2 had actually been opened, that is, worked or traveled, after it was established and thereafter the appellants had, by means of fences, obstructed the use thereof then, under our holdings in Letherman v. Hauser, 77 Neb. 731, 110 N. W. 745, and Donovan v. Union P. R. R. Co., 104 Neb. 364, 177 N. W. 159, it would appear

that appellees could maintain this action although George v. Peckham, 73 Neb. 794, 103 N. W. 664, should be considered in relation thereto.

However, none of these cases are applicable here for the reason that the facts established that road No. 225, as it was established across the northwest quarter of Section 2, has never actually been opened. No work was ever performed thereon nor did anyone ever travel it. It is true, as the evidence shows, that the public has, during the period of time covered by the evidence, used a trail or road across this land at different places and has at times improved the same but such trails or roads were never on the route of road No. 225. This was apparently due to the difficulty of passing over or near the route of road No. 225 because of the nature of the terrain which it crossed. In June 1945 the appellants closed, by means of a fence, the road then being used across this land. Whether the trails or roads so traveled were ever dedicated to the public, or the public acquired a right therein by prescription, or if only a permissive use was granted, the record does not disclose nor do we decide as it is not in issue here. The appellees' action is based on road No. 225 and they seek to restrain the appellants solely with reference thereto.

"It is elementary that a suit in equity will not lie when the plaintiff has a plain, adequate and speedy remedy at law. Hahn System v. Stroud, 109 Neb. 181; Western Union Telegraph Co. v. Douglas County, 76 Neb. 666; Brown v. Reed, 72 Neb. 167." Vance v. Sumner, 119 Neb. 630, 230 N. W. 490. See, also, Omaha Grain Exchange v. Spillman, 118 Neb. 729, 226 N. W. 452, and our authorities therein cited; and Golden v. Bartholomew, 140 Neb. 65, 299 N. W. 356.

If road No. 225 across the northwest quarter of Section 2 is still an established road, which question we do not here decide, then appellees have an adequate remedy at law for we approved in State ex rel. Draper v. Freese, 147 Neb. 147, 22 N. W. 2d 556, the following

from 38 C. J., Mandamus, § 371, p. 751: "Where a highway has been legally established, mandamus will lie to compel the proper authorities to open it."

Since the appellees have available an adequate remedy at law to secure their rights, a suit in equity to obtain injunctive relief for the same purpose will not lie. As stated in 93 A. L. R. 1495: "Upon the broad general principle of equity jurisprudence that where there is a remedy at law which is full and adequate courts of equity will not exercise jurisdiction, it is settled by practically all cases, with few exceptions, that where there is a remedy by mandamus a suit for injunction (preventive) may not be maintained."

The judgment of the lower court is therefore reversed and all injunctive relief granted appellees is hereby dissolved and the action dismissed.

REVERSED AND DISMISSED.