DARRELL YERG, APPELLEE, V. MARVIN M. HUNT,
APPELLANT.

265 N. W. 2d 854

Filed May 17, 1978. No. 41494.

David B. Smith for Smith & Smith, for appellant.

Pierson, Ackerman, Fitchett & Akin and E. Bruce Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

The plaintiff, Darrell Yerg, brought this action to recover damages and to enjoin the defendant, Marvin M. Hunt, from obstructing public access to the plaintiff's property by way of an easement along the east edge of the defendant's property. The trial court found that the east 30 feet of the defendant's property was a part of a public road and that the defendant had been unreasonably interfering with the passage of traffic over the road. The defendant was

(1)

enjoined from obstructing or interfering with the passage of traffic across that part of the easement lying east of an existing line of utility poles and awarded nominal damages. The defendant has appealed.

The plaintiff and his wife are the owners of Lot 1 in West Acres Second Subdivision of a part of the northeast quarter of Section 7, Township 9 North, Range 21 West of the 6th P.M., in Dawson County, Nebraska. The defendant and his wife own Lots 1 and 6 in West Acres First Subdivision of a part of the same quarter section. The defendant's land lies directly north of the plaintiff's land and both tracts were originally part of a larger tract owned by Vaughn Rhone. The land is outside the city limits of Lexington, Nebraska, but within the zoning jurisdiction of the city.

The deed from Rhone to the defendant and his wife, dated May 15, 1975, reserved a roadway easement across the east 30 feet of the land conveyed for the purposes of ingress and egress. The deed expressly provided that the "easement shall run with the land of the parties and shall be binding on and shall inure to the benefit of the parties hereto, their heirs, successors, or assigns."

In the deed from Rhone to the defendant and his wife the land was described by metes and bounds. The plat of West Acres First Subdivision was approved by the City of Lexington on October 28, 1975. In this plat the defendant joined in a dedication of "the street, roadway easement, and the utility easement * * * therein to the use and benefit of the public * * *." The plat shows a roadway easement 30 feet wide lying along the east edge of the property.

The plat of West Acres Second Subdivision was approved by the City of Lexington on December 9, 1975. This plat shows a roadway easement 30 feet wide along the east edge of the property which amounts to a continuation of the easement across

West Acres First Subdivision. The plat contains a dedication by Rhone and his wife of the roadway easement to the use and benefit of the public.

Lot 1 in West Acres Second Subdivision was conveyed to the plaintiff and his wife by Rhone and his wife on January 27, 1976.

The record fully sustains the finding of the trial court that the east 30 feet of West Acres First Subdivision was a public road. It is unnecessary to consider further the plaintiff's contention that he also had a private easement across the east 30 feet of West Acres First Subdivision.

The defendant contends that the plaintiff was not entitled to injunctive relief. In Burkhardt v. Cihlar, 149 Neb. 712, 32 N. W. 2d 197, this court recognized that where a road has been worked or traveled, a property owner may obtain injunctive relief to prevent the obstruction of the road. Ordinarily, an abutting property owner may maintain an action to remove an obstruction which has been placed in a street in the immediate vicinity of his property. Michelsen v. Dwyer, 158 Neb. 427, 63 N. W. 2d 513. The evidence shows that the easement in question in this case has been used by the plaintiff and others as the means of access to the public road which runs along the north edge of the defendant's property. Under the facts and circumstances of this case the plaintiff had a sufficient interest to maintain the action.

With respect to the defendant's contention that there had been no acceptance of the dedication, the record shows that the plaintiff and all others who had occasion to travel to and from the property south of the defendant's land had used the road without restriction. The city had also erected utility poles on a line approximately 4 or 5 feet east of the west boundary of the easement. In Village of Maxwell v. Booth, 161 Neb. 300, 73 N. W. 2d 177, the use of a street for a telephone line was held to be an acceptance of the dedication for a public use.

The evidence showed that the defendant had obstructed the easement from time to time by parking vehicles and other equipment on it in such a way that it interfered with the plaintiff's use of the easement to reach his property. The District Court enjoined the defendant from obstructing the easement east of the existing line of utility poles. We believe the injunction should be modified to restrict the defendant from obstructing the east 20 feet of the easement by parking vehicles thereon or otherwise interfering with the passage of traffic across the east 20 feet of the easement. As so modified the judgment is affirmed.

AFFIRMED AS MODIFIED.