## ORRIN D. CROMMETT vs. WILLIAM PEARSON & al.

Where the defendant in an action of *trespass quare clausum*, becomes defaulted, he has a right to be heard in damages.

Where in such case the damages are assessed by a jury, in pursuance of a request made by the plaintiff, either party may except to any legal opinion of the presiding Judge, instructing them upon what principles they should be governed.

The records of a town cannot be contradicted by parol evidence, in respect to matters regularly within the jurisdiction of the town or its officers, and where the entry of record is made in pursuance of law.

In laying out a road, the selectmen of a town may lawfully perform their duty by a majority of the whole number.

The return of the laying out of a road to the town must be made and signed by a majority of the selectmen, but they may depute to one of their own number, or to any other person, the actual location by running out the road, and marking and setting up monuments.

And where one of their own number is employed, it is immaterial whether it was done in virtue of a previous consultation, or was subsequently approved and ratified.

One of the selectmen may employ the hand of another to affix his signature.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Trespass *quare clausum.* The defendants were *defaulted,* and the plaintiffs filed a written motion that their damages should be assessed by a jury. A jury was thereupon empannelled. It appeared that the defendants had opened a pathway across the land of the plaintiff, and had passed thereon with teams. Measures were taken by which, as the defendants alleged, a town way was established on the same path. The plaintiffs denied, that there was a road legally laid out. The parties agreed, that if the road was laid out legally the damages should be nine dollars, and if not, thirty-four dollars.

At the trial in the District Court, it was admitted by the counsel for the plaintiff, that the records of the town, upon the face of them, exhibited such proceedings, if uncontrolled or unimpaired by their evidence, would constitute the town way a legal one. The records contained a certified copy of a return purporting to be signed by two of the selectmen, being a majority, which defines the boun-

daries of the highway, and states that they, the two selectmen, had laid out the same. The plaintiffs then offered to prove by parol testimony, " that in fact only one of the selectmen was present at the making of the location, or had any knowledge of it at that time; that the selectman, who laid out the road, affixed to the original return the name of another of the selectmen, having obtained his permission so to do after said location." To the admission of this testimony the defendants objected.

The Judge rejected the testimony, and instructed the jury that it was not admissible to control or impair the face of the records, and that their verdict should be but for the nine dollars.

The plaintiffs filed exceptions.

*I. Redington* argued for the plaintiffs, and cited *Harlow* v. *Pike*, 3 *Greenl.* 438; *Stark. Ev.* 252, 1014; *Cowp.* 640; *Haskell* v. *Haven*, 3 *Pick.* 404; *Slasson* v. *Brown*, 20 *Pick.* 436.

*Boutelle* argued for the defendants, citing *Stat.* 1824, *c.* 260, § 4; *Taylor* v. *Henry*, 2 *Pick.* 397; *Manning* v. *Fifth Par. in Gloucester*, 6 *Pick.* 16; *Bruce* v. *Holden*, 21 *Pick.* 187; *Jones* v. *Andover*, 9 *Pick.* 146.

The opinion of the Court was drawn up by

WESTON C. J. — Although the defendants had been defaulted, and were no longer at liberty to controvert the cause of action set forth in the plaintiffs' declaration, they had a right to be heard in damages. And if settled by a jury, in pursuance of a request made by the plaintiffs, we are of opinion, that either party might except to any legal opinion of the presiding Judge in instructing them, upon what principles, they should be governed.

It would, in our judgment, be of dangerous consequence to suffer the records of a town to be contradicted by parol evidence, in respect to matters, regularly within the jurisdiction of a town or its officers, and which is entered of record in pursuance of law. It has been held, that parol proof is inadmissible to supply an omission in town records. *Taylor* v. *Henry*, 2 *Pick.* 397. In *Manning et al.* v. *The fifth parish in Gloucester*, the same evidence was rejected in regard to parish records. There is a still stronger reason, for the exclusion of such evidence to contradict them. In *Jones* v. *The Inhabitants of Andover*, where the laying out of a

town road was in controversy, the court say, "we are satisfied that a board of selectmen in this, as well as other branches of their duty, may lawfully perform their duty by a major part of the whole number."

But if the testimony were admissible, we are not satisfied, that it would vitiate the proceedings. The selectmen are not obliged to locate the road in person. They may perform this service either personally, or by such person or persons, as they shall appoint. *St.* of 1821, *c.* 118, § 9. By this it must be understood, that although the return of the laying out to the town, must be made and signed by a majority of the selectmen, they may depute to another the actual location, by running out the road, and marking or setting up monuments. If they availed themselves of the agency of one of their number for this purpose, we are aware of no legal objection to such a course, whether this was done in virtue of a previous consultation, or subsequently approved and ratified. If one of the selectmen employed the hand of another to affix his signature, he made it his, as much as if he had done it by his own hand.

*Exceptions overruled.*