ULRICH LIONBERGER, APPELLANT, v. GEORGE H. PELTON ET AL., APPELLEES.

FILED JUNE 19, 1901. No. 11,805.

Commissioner's opinion, Department No. 2.

Injunction Will Not Lie to Restrain Opening of Road Merely Because Appeal Is Pending, on Damages. When a board of county commissioners have established a section-line road and have made an award of damages to the claimants for damages by reason of the opening of such road, and the amount of the damages so awarded has been paid by the petitioners into the road fund of the district in which such highway is located, and such sum has been tendered to the claimants, and the claimants have refused to accept such damages and have appealed from the award so made, injunction will not lie at the suit of such claimants to restrain the opening of such road.

APPEAL from the district court for Pawnee county. Heard below before LETTON, J. Affirmed.

E. L. Fulton and Ernest O. Kretsinger, for appellant.

J. C. Dort and D. D. Davis, contra.

OLDHAM, C.

This is an action in which the plaintiff seeks to enjoin the board of county commissioners of Pawnee county from proceeding to open a section-line road which had been duly established by such board. The plaintiff was a remonstrator against the location of such road, and was also a claimant for damages. No question is raised as to the regularity of the proceedings of the board in establishing the road, nor could any such objections be raised by the plaintiff, in view of the fact that he filed his claim for damages. *Davis v. Boone County,* 28 Nebr., 837. It appears from the agreed statement of fact on which the cause was tried below that the plaintiff herein had filed a claim for $175 damages by reason of the opening of the road, and that another claim for $200 damages had also been filed. It also appeared that the board allowed the claimants $37.50 each and that the petitioners paid the amount of damages so allowed, and that the amount so paid had been tendered to the claimants for damages before the road was ordered to be opened. It also appeared that the claimants for damages had refused the amount tendered them and had taken an appeal from the award of damages, and that this appeal was pending when this suit was begun. The lower court found for the defendants and dismissed plaintiff's petition, and plaintiff appeals.

Plaintiff's only contention seems to be that at the time the award of damages was made the amount of the award was in excess of the levy made and the funds on hand in the road district, and hence it had the effect of creating an illegal indebtedness on the district and was therefore void. This position is clearly untenable, in view of the fact that the damages awarded by the board were directed to be paid by the petitioners before the road was opened, and in fact were paid and tendered to both claimants for damages; consequently no indebtedness was incurred upon the road district. The judgment of the lower court was clearly in harmony with the decisions of this court on all the ques-

tions involved in the controversy. *Rose v. Washington County,* 42 Nebr., 1; *Howard v. Board of Supervisors of Clay County,* 54 Nebr., 443.

It is therefore recommended that the judgment of the lower court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.