JOHN F. HOYE, APPELLANT, V. CHARLES S. DIEHLS ET AL.,
APPELLEES.

FILED JANUARY 5, 1907.   No. 14,533.

1. **Highways**: LOCATION.  A commissioner appointed to examine into
the expediency of a proposed road should, upon recommending
its establishment, cause it to be surveyed and plainly marked, if
the precise location cannot otherwise be given.

2. ———: ———: WAIVER.  An irregularity in the report of a road
commissioner, such as an indefinite description, is waived by the
filing of a claim for damages on account of the establishment of
such road.

3. ———: INJUNCTION.  An injunction cannot be maintained to pre-
vent the establishment of a highway by one who has filed a claim
for damages on account of the establishment thereof.

APPEAL from the district court for Dodge county:
CONRAD HOLLENBECK, JUDGE.  *Affirmed.*

*Frank Dolczal,* for appellant.

*Robert J. Stinson* and *John W. Graham,* contra.

EPPERSON, C.

This action was brought June 15, 1904, to enjoin the
county officers of Dodge county from opening a proposed
road.  The special commissioner appointed to examine
into the expediency of the proposed highway recommended
that the road described in the petition be established, but
did not cause the road to be surveyed and plainly marked
as required by section 6014, Ann. St.  No objections were
filed to the establishment of the road in the first instance,
but plaintiff, who owns all the land through which the
proposed road runs, filed a claim for damages, which
was allowed in an amount less than that claimed.  Two
days after the allowance of the claim, the proper officers
prepared to establish the road, and placed stakes and
monuments showing the course of the highway.

Plaintiff contends that he is entitled to an order
restraining the opening of such road because it is not

located where the appraisers considered it would be when they appraised his damage. The report of the commissioner recommending the establishment of the road should have been definite as to the location and he should have caused the road to be surveyed and plainly marked out. The reason for this is more apparent because the description in the petition was not definite, fixing the commencement of the road at or about a certain point, "thence east about 100 rods." On account of his omission the proceedings were irregular, but not void. Plaintiff should have objected to the sufficiency of the report and caused a definite description to have been filed. Instead, he acquiesced in the proceeding by filing his claim for damages, and thereby waived this irregularity. In *Davis v. Boone County,* 28 Neb. 837, it was held: "Where a landowner files a claim for damages caused by the location of a public road over his land, he thereby waives all objections on the ground of irregularities in locating the road."

Plaintiff contends that the irregularity here complained of did not exist when he filed his claim, and therefore was not waived. The road marked out conformed with the indefinite description in the petition, and lies 55 feet or less farther north than plaintiff considered it when his claim for damages was heard by the county board. It appears that the only irregularity in the proceeding was that found in the report of the commissioner, which, as above shown, was waived. The record discloses that subsequently to the marking of the proposed road plaintiff herein perfected an appeal from the order of the county board allowing him damages. That appeal is now pending in the district court for Dodge county, and therein plaintiff claims a greater amount than allowed by the county board. Plaintiff is only entitled to recover damages, and in that appeal he has an adequate remedy.

The judgment of the lower court was for the defendants, and we recommend that it be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.