BARBARA TAYLOR, GUARDIAN, APPELLANT, v. E. AUSTIN ET AL., APPELLEES.

FILED FEBRUARY 20, 1909. No. 15,482.

1. **Highways: ESTABLISHMENT: WIDTH.** A public highway regularly established by the county authorities under the law of 1866 (laws 1866, ch. 47, sec. 3) must be regarded as taking in land to the full width required by the statute defining the width of public highways, and the fact that the petition for the highway and the order establishing the same does not mention the width of the road is immaterial.

2. ———: ———: NOTICE. One who petitions for the establishment of a highway, as well also as his grantees, cannot complain

that the notice provided by statute of the time when the petition will be presented to the county board was not given.

3. ———: TITLE BY PRESCRIPTION. A party cannot acquire prescriptive title to a public highway by possession and use of the ground included therein, however long continued.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*John C. Watson,* for appellant.

*C. A. Rawls* and *W. C. Ramsey,* contra.

DUFFIE, C.

E. Austin, road overseer of district 59, in Cass county, in December, 1906, served a written notice on the plaintiff that her fence was in the public highway running north and south on the half section line through section 25, township 10, range 13, in Cass county, Nebraska, and directing her to remove her fence to a line 33 feet west of said half section line. The notice further stated that, unless its terms were complied with on or before the 10th of January, 1907, the overseer would himself proceed to remove the fence. Shortly thereafter this action was commenced to enjoin the overseer and the county of Cass from interfering with the plaintiff's fence or from trespassing in any manner upon her premises. A temporary injunction was issued, which upon the trial was made perpetual as to a portion of plaintiff's land claimed by the county as a highway, and dissolved as to another part of plaintiff's land, which the court found to be within the boundary of a regularly established road. Plaintiff has appealed from so much of the decree as found a regularly laid out road over any part of the land in dispute.

It was stipulated on the trial that prior to the year 1869 a legal highway had been established along and near the half section line running north and south through the center of sections 24 and 25, township 10, range 13, in

Cass county. In 1869 the owners of the land located along this half section line on both sides, and among whom was the grantor of plaintiff herein, filed a petition with the board of county commissioners asking that said road be changed so as to run on the half section line. The board allowed the petition and appointed one Dubois a special commissioner to view the proposed road and establish the same, if in his judgment the public good required it. Dubois reported under date of August 2, 1869, that after taking the oath required by law he proceeded to examine the line, and found that by locating the road on the half section line it would shorten the route as previously laid out and lessen the damage to private property, and that it could be made a good road. His report concludes as follows: "I do hereby vacate the old road as prayed for in the petition, and I do hereby establish the new route petitioned for as one of the county roads of Cass county." Accompanying this report was a plat showing the location of the old and vacated road and the new road which was established along the half section line. The old road ran north and south through sections 24 and 25 near the half section line, but lying principally west of said line. This report was filed with the county clerk on the 3d day of August, but no record appears to have been made.

It is the contention of the plaintiff that no highway has been established along the half section line through sections 24 and 25. The statute of 1867 (ch. 47, sec. 19) under which the county claims the highway in question was established required a notice to be posted on the courthouse door and at three other public places in the vicinity of the road sought to be located, changed, or discontinued, setting forth the time when application therefor would be made to the commissioners. There is nothing in the record before us showing that such notice was given in this case, but it is shown that the petition for the change was signed by 12 residents, who described themselves as owning the land on the half section line, and it

was stipulated upon the trial that they were the owners of land adjoining upon the half section line, and that H. F. Taylor, one of the petitioners for the road, was grantor of the plaintiff in this action. That H. F. Taylor was not entitled to notice, being one of the petitioners for the road, is established by the holding in *Graham v. Flynn,* 21 Neb. 229, where it is said: "A petitioner for the location of a public road over his own land is not entitled to notice of the pendency of such petition. He is, in fact, a plaintiff in the proceeding, and where a petition signed by the requisite number of landholders has been acted upon by the proper authorities and a road located, a grantee of such petitioner cannot enjoin the use of the road upon the ground of want of notice to his grantor." Aside from the want of notice, the proceeding taken to establish the road in question appears to have been regular, and, as we have seen, the plaintiff cannot take advantage of the want of notice to her grantor, he being a petitioner for the road.

It is conceded that a portion of the land claimed as a highway has been inclosed by the plaintiff and her grantors for 20 years or more, and this fact, if the road had not been legally established, and the county was claiming only a prescriptive right, would entitle the plaintiff to hold the part so inclosed as her absolute property. While the width of the road was not designated in the petition therefor, nor in the report of the commissioners establishing the same, the statute at that time required that all public highways should be 66 feet in width, and, as this highway was regularly established and has been in use by the public since 1869, it must be conclusively presumed that it was established as a legal road 66 feet in width; and the fact that it has not been worked or used to its full width, and that some portion of it has been inclosed by the plaintiff, does not vest her with any title thereto, as title by prescription cannot be obtained to a public highway. *Krueger v. Jenkins,* 59 Neb. 641; *Lydick v. State,* 61 Neb. 309.

The plaintiff's brief, while full and exhaustive, is based upon the theory that no legal highway has been established which included any part of the lands claimed by the plaintiff.  If Cass county and the public made claim to.this road, not as one legally established, but because of long usage, there is no doubt that, under the authorities cited in plaintiff's brief, the road, so far·as the same has been inclosed for ten years or more, could not be claimed by the county.

The facts established leave the question beyond any doubt that the road is a statutory road and that the public are ⸝ntitled to a use of its full width.  We recommend an affirmance to the judgment appealed from.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the·foregoing opinion, the judgment of the district court is

AFFIRMED.

ROOT, J., not sitting.