STATE, EX REL. ED. ENERSON, APPELLANT, v. COUNTY COM-
MISSIONERS OF BOONE COUNTY, APPELLEE.

FILED FEBRUARY 16, 1918. No. 19841.

1. Mandamus: DUTY OF COUNTY BOARD: REPAIR OF BRIDGES. The duty of a county board to repair or to restore a bridge which is part of a public highway in general use may be enforced by mandamus.

2. ———. "As a general rule, when a duty is at the proper time asked to be done, and improperly refused to be done, the right to compel it to be done is fixed." *Lewis v. Commissioners of Marshall County*, 16 Kan. 102.

3. Highways: VACATION. A public highway in general use can only be vacated by the county board in the manner prescribed by law.

4. Mandamus: DUTY OF COUNTY BOARD: REPAIR OF BRIDGES. A county board may be required by mandamus to restore a bridge on a public highway, where their only defense to the application for the writ is their discretion to abandon the highway, open a new one in a different place, and change the bridge-site; the answer and the evidence showing that, before their powers in these respects had been legally invoked, they had arbitrarily made up their minds not to rebuild the bridge on the existing highway.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Reversed, with directions.*

*W. L. Rose* and *Vail & Flory,* for appellant.

*W. J. Donahue* and *J. A. Price, contra.*

ROSE, J.

Relator applied for a peremptory writ of mandamus to compel respondents, as county commissioners, to

restore a wrecked Cedar river bridge as part of a public road running east and west midway between the north and the south boundary of section 22, township 18, range 7, Boone county. Except when temporarily out of repair, the bridge has been used continuously by the public since 1879. Relator is seeking to coerce performance of the board's statutory duty to keep the highway, including the bridge, in a proper condition for travel. Respondents resist the application on two grounds: A plan to change the site and rebuild the bridge where the Cedar river crosses the northern boundary of the section described, and an undetermined proceeding to vacate the highway, discretion being an element of each defense. A demurrer to the answer was overruled. After a trial on the merits of the case the writ was denied. Relator has appealed.

On the record presented, is relator entitled to the writ? The duty of a county board to repair or restore a bridge which is part of a public highway in general use may be enforced by mandamus. *Dutton v. State,* 42 Neb. 804; *Iske v. State,* 72 Neb. 278; *State v. Board of Commissioners,* 80 Ind. 478. In another form the rule is:

"Mandamus is generally recognized as a proper remedy to compel public officers to perform their duty to take care of and keep in repair public highways and bridges and the like, whenever the necessity for its exercise is so apparent and obvious that the refusal to act is the result of a determination not to discharge a plain duty." 18 R. C. L. p. 241, sec. 165.

"As a general rule, when a duty is at the proper time asked to be done, and improperly refused to be done, the right to compel it to be done is fixed." *Lewis v. Commissioners of Marshall County,* 16 Kan. 102.

This court has taken the same view of the law. *State v. Cole,* 25 Neb. 342. A public highway, while being used as such, can only be vacated by the county board in the manner prescribed by law, a proper petition

for that purpose being necessary. Rev. St. 1913, sec. 2857; *McNair v. State*, 26 Neb. 257.

In the light of these principles, is any defense pleaded or proved? In substance respondents allege in their answer: The Cedar river crosses the section line half a mile north of the existing highway. This crossing is a better site, and the bridge there will be more accommodating to the traveling public. When the action was instituted respondents were preparing to build a bridge at the new site, and were also preparing the section line for public travel. The answer, however, contains no allegation showing that, at the time relator made his application for the writ, proper, proceedings to vacate the old road or to make use of the new one had been commenced in the manner prescribed by the statute. A plan or purpose to build a new bridge and open a new road, even if carried out, does not vacate an old road half a mile away, or comply with the statutory provisions for vacating an existing public highway, or justify a county board in refusing to perform the duty to keep the old road in repair. That part of the answer relating to the proceedings to vacate the old road is as follows:

"In pursuance of said plan to divert said travel to the section line, as aforesaid, and to construct and maintain an adequate highway and bridge on said section line, legal proceedings have been begun, and are now pending, before the proper authorities for the vacation of the said half-mile-line road and the abolition of such as a public highway, and for the opening and working of the said road on the section line as above set out."

When this paragraph is tested by demurrer, the terms, "legal proceedings" and "proper authorities," are mere conclusions of respondents. What were the proceedings? Did they conform to the statutes? Who were the "authorities" before whom the proceedings were instituted? Did a lawful tribunal acquire

jurisdiction? Facts enabling the court to answer these questions are not pleaded. Both the answer to the application and the evidence adduced at the trial show that respondents, before their jurisdiction or authority to abandon the old road and open a new one had been legally invoked, arbitrarily made up their minds not to restore the bridge on the old highway. In this condition of the record the discretion pleaded by respondents to prevent the allowance of the writ is unavailing for that purpose.

The judgment of the district court is therefore reversed and the cause remanded to the district court, with directions to allow the writ.

REVERSED.

SEDGWICK, J., not sitting.