W. W. FEUERSTEIN ET AL., APPELLANTS, V. SAUNDERS COUNTY ET AL., APPELLEES.

FILED APRIL 10, 1923. No. 22320.

**Highways:** VACATION. Where a petition praying that a part of a road be vacated, signed by ten or more electors residing within five miles of such road, as provided in section 2566, Comp. St. 1922, is filed with the clerk of the board of county commissioners, and due notice thereof is given as required by law, and where objections are filed to the vacation of such road, an order of the county board granting the petition will be held to be erroneous as having been made without jurisdiction, where the proceedings of the board fail to show that a majority of the electors residing within two miles of the road sought to be vacated, and not residing within a village or city, have consented thereto, as provided by section 2565, Comp. St. 1922.

APPEAL from the district court for Saunders county: EDWARD E. GOOD, JUDGE. *Affirmed in part, and reversed in part.*

*J. H. Barry,* for appellants.

*H. A. Bryant* and *Ernest S. Schiefelbein,* contra.

Heard before MORRISSEY, C. J., ALDRICH and DAY, JJ., BEGLEY and BUTTON, District Judges.

DAY, J.

This is an appeal by W. W. Feuerstein and 14 others from a judgment of the district court for Saunders county, affirming an order of the board of county commissioners of that county establishing a public road, and also vacating a part of the road previously established.

No complaint is made of the judgment in so far as it affirms the order of the board establishing the new road. Appellants object only to that part of the judgment which affirms the order of the board vacating a part of the old road, and urge upon us that, inasmuch as the record of the proceedings before the board fails to show that a majority of the electors residing within two miles of the road sought to be vacated, and not living within a village or city, have consented to the vacation of the

road, therefore the board was without power to order a part of the road vacated.

It appears that on April 25, 1919, a petition bearing the signatures of 42 electors was filed with the clerk of the board, praying that a road specifically described by metes and bounds be established, and also praying that a part of the road theretofore existing be vacated. A few days later a supplemental petition was filed, signed by 34 additional electors, praying for the same relief. To each of these petitions an affidavit was attached to the effect that the signers were electors of the county residing within five miles of the proposed road. Later 13 of the petitioners asked that their names be withdrawn from the petition, and still later 50 electors filed objections to the vacation of the road.

The change sought to be effected by the petitions was to have the road extend along straight lines. The old road, from a given point, extended north 495 feet, at which point it veered to the left on an angle of 18 degrees and 2 minutes for a distance of about 867 feet, where it intersected the east and west section line road. The petitioners sought to have the road extend from the same given point directly north to the section line road, and also to have such parts of the old road vacated as lay outside the lines of the new road. A commissioner was duly appointed to view the proposed road, who recommended some slight changes. A notice was duly published, and a date set for hearing objections. W. W. Feuerstein and 14 others, the appellants, residing within 2 miles of the road, and not living within any village or city, filed a protest to the vacation of any part of the road. Upon the hearing the board made an order establishing a new road, and vacating the part of the old road, as prayed in the petition. From this order the protestants, appellants herein, took error to the district court, where the order of the board was sustained.

It is conceded by the appellants that the record of the proceedings before the board is sufficient to authorize

the board to establish a new road, but it is earnestly insisted that the recitals contained in the record are insufficient to show jurisdiction of the board to vacate the old road.

The question presented turns upon the construction to be given to section 2565, Comp. St. 1922, when considered in connection with section 2566. As orginally enacted section 2565 was as follows: "All roads within this state which have * * * not been vacated in pursuance of law are hereby declared to be public roads." In 1909 (Laws 1909, ch. 113), and again in 1917, this section was amended by adding the words, "and no such road or any part thereof shall be vacated or changed without the consent of the majority of the voters living within two miles of the road and not living in a village or city." Laws 1917, ch. 58. Section 2566 provides as follows: "Any person desiring the establishment, vacation, or alteration of a public road, shall file in the clerk's office of the proper county a petition signed by at least ten electors residing within five miles of the road proposed to be established or vacated, in substance as follows: (here follows a form of petition)."

It has repeatedly been held that the filing of a petition in accordance with the provisions of section 2566, Comp. St. 1922, and the giving of notice as contemplated by section 2578, are conditions precedent to the making of an order by the county board affecting public roads. *State v. Otoe County*, 6 Neb. 129; *Doody v. Vaughn*, 7 Neb. 28; *Beatty v. Beethe*, 23 Neb. 210; *Lesieur v. Custer County*, 61 Neb. 612. Under these decisions it is held that the board has jurisdiction to establish or vacate a public road, when a petition is filed signed by at least ten electors residing within five miles of the road proposed to be established or vacated, and after proper notice has been given. These decisions, however, were made before section 2565, Comp. St. 1922, was amended by the laws of 1909 and 1917, in the manner hereinbefore pointed out. What effect, then, should be given to

the added words, "and no such road or any part thereof shall be vacated or changed without the consent of the majority of the voters living within two miles of the road and not living in a village or city?" A fair construction of this language would seem to indicate that it was intended as a limitation upon the power of the board, where the purpose of the proceeding was to vacate or change a public road. A board of county commissioners is a tribunal of limited jurisdiction, which is defined by statute, and it is essential that all the facts necessary under the statute to authorize its action in any given case should be affirmatively shown. *Robinson v. Mathwick*, 5 Neb. 252. Construing sections 2565 and 2566, Comp. St. 1922, together, as we must do, because *in pari materia*, it would seem that, where it is sought to vacate or change a road, or any part thereof, in addition to the requirements of sections 2566 and 2578, Comp. St. 1922, the record of the proceedings before the board must somewhere affirmatively show that a majority of the electors residing within two miles of the road, and not living in a village or city, consented thereto. Nowhere in the record does it appear that a majority of the voters residing within two miles of the road, and not living within a village or city, consented to the vacation of the road in question. On the face of the record, that part of the order of the county board vacating a part of the road is erroneous because it fails to show jurisdictional facts.

We conclude, therefore, that the judgment of the district court, in so far as it sustains the order of the county board establishing a new road, should be affirmed; and that the judgment affirming that part of the order vacating a part of the old road should be reversed; and the cause is remanded to the district court to enter judgment in accordance with the views herein expressed.

AFFIRMED IN PART, AND REVERSED IN PART.