## Shaheen v. Dorsey.

(Decided March 20, 1925.)

### Appeal from Marion Circuit Court.

1.  Fences—Fence, Held Not Partition Fence, Subject to Removal by Statutory Method.—Fence, admittedly not on true line, which was constructed by tenant for his own convenience between tracts owned by his two landlords, held not a partition fence, removable under Ky. Stats., sections 1784, 1787, by subsequent grantee of one of such parcels, and, in an action against grantee of adjoining parcel for damages for interfering with attempted removel of such fense, verdict was properly directed for defendant.

2.  Libel and Slander—Scurrilous Language, Not Libelous per se, is Not Actionable in Absence of Specific Damages Proximately Resulting Therefrom—Direction of Verdict for Defendant Held Proper.—Scurrilous language, not actionable per se, could not be used as basis of action for slander in absence of special damages proximately resulting therefrom, and, in action therefor, direction of verdict for defendant was proper.

3.  Appeal and Error—Verdict as to Trespassing Stock, Founded on Correct Instructions, Not Interfered with on Appeal.—Where

plaintiff wrongfully removed fence between his and defendant's land, verdict of jury for defendant as to trespass by his stock on plaintiff's land, founded on proper instructions, will not be interfered with on appeal.

4. Highways—Person has Right to Peaceably Remove Fence Obstructing Way Used by Public for Over 60 Years.—Person has right to peaceably remove fence obstructing passway used by public on land of private person for more than 15 years.

H. W. RIVES and C. S. HILL for appellant.

PROCTOR K. McELROY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, G. A. Shaheen, and the appellee and defendant below, J. A. Dorsey, owned adjoining tracts of land in Marion county, each of which was a part of a larger tract formerly owned by Godfrey Isaacs, deceased, and plaintiff and defendant are the remote vendees of two of his heirs to whom the respective parcels were allotted in the division of Godfrey Isaac's estate. Not many years before the filing of this action, the two Isaacs heirs, to whom the respective parcels were alloted, rented their premises to one common tenant, and it seems that he, for his own convenience, attempted to construct a fence separating the parcels of his two landlords and he attempted to do so as near on the line as he conveniently could. That fence, which was admittedly not on the true line at places, was intact at the time the parties hereto acquired their titles. Misunderstandings arose between plaintiff and defendant, such as frequently occur between adjacent owners, concerning their respective lines. Acting upon the theory that the fence above referred to was a partition one as contemplated by section 1784 of our present statute plaintiff gave notice to defendant, as provided by section 1787 of the statute, that he would, within the time permitted by the statute, remove his portion of the partition fence, and when that time arrived he sent hands to the spot with instructions to make the removal. After they had torn down more than one-half of the fence defendant appeared and forbade their proceeding further. None of the posts had then been removed and the work was then and there stopped. Defendant carried with him at the time a double-barreled shotgun, but, according to the testimony of the witnesses, he was exceedingly polite in

his conversation and demeanor towards them, though he referred to the plaintiff in somewhat scurrilous terms and used towards him profane language, none of which, however, was sufficient to constitute a slander. In plaintiff's petition he alleged the foregoing facts, and, in the first paragraph sought the recovery of damages against the defendant because of his interference with plaintiff's employees in removing the fence and because of his abusive language towards plaintiff, in the sum of $1,000.00.

Plaintiff neither restored the fence torn down by his employees nor did he construct another one separating his field from the lands of the defendant, and, as a consequence, some of the stock of the latter, in the early part of the following spring, strayed on to plaintiff's adjoining premises upon which corn was grown the year previous, with no grass pasturage of any kind, and which field had been pastured by plaintiff with his large flock of sheep, from the time the corn was gathered in the fall before, up to and after the time when the fence was torn down; and in the 2nd paragraph of the petition, plaintiff claimed damages on account of defendant's trespassing stock in the additional sum of $1,000.00.

The lands of plaintiff and defendant front on a pike, known as Gravel Switch pike, and a short distance therefrom it intersects at about right angles with another pike known as Lebanon and Danville pike, and some distance away from the intersection of the two pikes, and at or near the corner of plaintiff's land, there runs a creek from one pike to the other, making a triangle enclosed by the two pikes and the creek. For more than sixty years the public generally had traveled up and down the creek, in going from one pike to the other, thereby saving the distance necessary to be traveled by crossing the creek and continuing up the pikes to their junction. Claiming that he owned the land down to the center of the creek plaintiff undertook to stop that passway by constructing a fence across it where it left the Lebanon and Danville pike, and defendant and other members of the surrounding public removed that fence, and in the third paragraph of his petition plaintiff claimed damages in the additional sum of $1,000.00 for that act.

The answer denied that the partition fence was one such as contemplated by the statute and, therefore, denied plaintiff's right to tear it or any portion of it away, even though he proceeded under the statutory notice. It

also denied the alleged damages growing out of the trespasses by defendant's stock and denied plaintiff's right to stop the passway, and affirmatively alleged that it was a public one acquired by prescription and that he or any other member of the public had the right to remove unlawful obstruction therefrom.

Appropriate pleadings made the issues and upon trial before a jury the court peremptorily instructed it to find for defendant as to the damages claimed in paragraphs 1 and 3 of the petition, but, the court submitted to the jury the alleged damages claimed in paragraph No. 2 of the petition relating to the trespassing of defendant's stock and it returned a verdict thereon in favor of defendant. Plaintiff's motion for a new trial was overruled, followed by a judgment dismissing his petition, to reverse which he prosecutes this appeal.

From what has already been said it clearly appears that plaintiff had no right to remove any part of the fence, since it was not one of the character entitling him to pursue the statutory method in order to dispense with it, and, defendant, therefore, had the right to object to its removal in the manner attempted to be pursued. Neither could plaintiff maintain his action against defendant for any words of defendant said concerning him, since no cause of action arises from such conduct, unless the words were actionable *per se* or there resulted proximately therefrom special damages, neither of which existed in this case, and the court did not err in directing a verdict for defendant as to the damages claimed under paragraph 1 of the petition.

As to its paragraph 2 (that relating to trespass committed by defendant's stock) the court, as we have said, submitted to the jury, and it found thereon in favor of defendant. Whether the court should have also directed the jury to find for defendant upon the ground of recovery alleged in that paragraph, we need not determine, since we find no error in the instruction of the court submitting those grounds or in the verdict of the jury thereon. Plaintiff, as we have said, had wrongfully removed the fence between his and the defendant's land and left that of the latter exposed, thereby inviting the trespasses about which he complains. But, independently of that fact, the proven depredations of defendant's stock were very infrequent and at times when there was nothing on plaintiff's land for the trespassing stock to consume or destroy, and the only damage they did, if any,

was the infinitesimal amount produced by their tramping plaintiff's land, which itself was attributable to plaintiff's wrongful act, and the amount was so uncertain and difficult of calculation as to scarcely be cognizable in law. But, however that may be, we are not prepared under the developed facts to interfere with the verdict of the jury upon that paragraph.

Concerning paragraph 3 of the petition we have already stated that the passway along the creek had been used by the public for as much as, or more than sixty years. It is true, that some few years before plaintiff attempted to obstruct it by building a fence across it, a bridge was built over the creek along the Lebanon and Danville pike, where the fence was constructed by plaintiff, and at the time a pole was erected across the passway leading from the pike, but it remained there but a short while, and after it was removed the public continued to use it as theretofore. Even if it had been permanently closed at that time, before the public could be legally deprived of the right to travel it, and which right was acquired by much more than fifteen years' adverse user, such obstructions, under repeated decisions of this court, must be continued uninterruptedly for as much as fifteen years. No pretense was made at the trial to show any continuous obstruction of the passway for that length of time, and at the time plaintiff attempted to obstruct it with a fence across it he was a trespasser upon the right of the public, and any of its members, including defendant, had the right to peaceably remove such obstruction, and the court did not err in so holding and directing the jury to find for defendant upon that paragraph.

Our conclusions, as above expressed, are so fundamentally clear that we have not deemed it necessary to encumber the opinion with references to adjudged cases and other authorities, and it will furthermore be observed that we have reached our conclusions upon the assumption that plaintiff, in each paragraph of his petition, properly pleaded the damages claimed as proximately resulting from the acts complained of.

Perceiving no error prejudicial to plaintiff's substantial rights, the judgment is affirmed.