APPLER R. WRIGHT, APPELLEE, V. LOUP RIVER PUBLIC POWER DISTRICT ET AL., APPELLANTS: HAROLD KRAMER ET AL., APPELLEES.

277 N. W. 53

FILED JANUARY 4, 1938.   No. 30135.

(715)

*C. N. McElfresh, August Wagner* and *Carroll Thompson,* for appellants.

*G. F. Rose, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and ELDRED, District Judge.

GOSS, C. J.

Loup River Public Power District, hereinafter called the district, and the county of Nance, defendants, appeal from a decree ordering the district to construct two bridges across the canal and drainage district where they cross two township highways.

Plaintiff alleged that he was a resident elector of Genoa township, Nance county, outside of any city or village, and represents himself and more than 50 others similarly situated; that as a part of the township road system there was, and has been for 25 years, a road running north and south through the centers of sections 13 and 24 connecting the streets of Genoa and the township north thereof and state highway No. 39 at the south thereof near the south side of section 24; and during all of the time there has been a public highway running east and west through the center of section 23 connecting with other highways; that this east and west highway affords a short cut for through traffic between and over state highways Nos. 22 and 39 (the former running in a generally easterly and westerly direction from Fullerton through Genoa to Columbus, and the latter running in a slightly northwesterly direction from Silver Creek to Albion) of three-quarters of a mile, while the distance required by the proposed road is about two and three-quarter miles; that defendants are constructing a canal for the diversion of water from the Loup river and a drainage ditch alongside said canal through Genoa township; that the route of the canal and drainage ditch intersects and crosses said north and south township road at a point approximately 30 rods south of the northwest quarter of section 13 and crosses the east and west road through section 23 parallel with and adjacent to the Union

Pacific Railroad right of way, which right of way passes through section 23 from a northeasterly to a southwesterly direction; that defendants, unless restrained, will completely obstruct the two highways by the canals and retaining walls of about eight feet in height on each side, with no bridges across as required by law. Plaintiff prayed an injunction against the obstruction and a mandatory injunction requiring bridges to be erected on the course of the two highways.

By an amended answer of defendants, the district, its general manager, and representatives of the contractor, it was pleaded that the county board of Nance county, by motion, directed the district to build the bridge on the road running east and west through the center of section 23 on a right angle to the canal and railroad track in a northwesterly direction, according to a plat filed in the office of the county clerk, to be built of steel and concrete, with a 20-foot roadway; that the county advised the district, and it in turn published a 20 days' notice, of a letting of contract and let it to contractors who delivered material and began the construction of the bridge; that plaintiff knew of the passing of the motion and proceedings and made no objection until the contract was let, the bridge material delivered, and the construction commenced; that a change of plan to a bridge running due east and west, instead of at a right angle to the canal and railroad, would now damage the district in excess of $5,000; and that, by reason of the facts, plaintiff and others similarly situated are estopped from questioning the construction of the bridge and from insisting that defendants construct a bridge in an east and west direction in lieu thereof; further answering, defendants alleged that in 1912 Nance county established a highway running north and south through the center of section 13, but that later it became a part of the state highway system and was abandoned by the state highway and thereafter the county board did not petition to reestablish it as a county road and it ceased to exist as such.

Defendants admit that the district crossed what was formerly known as state highway No. 39, being the above-mentioned road in section 13, but alleged that, before it crossed through section 13, an agreement was reached with the city council of Genoa and the township board of Genoa township whereby it was agreed that, in lieu of a bridge on the old highway No. 39, the district would purchase a 66-foot strip along the south side of the canal through section 13, extending from the west line of old highway No. 39 to the east line of Chestnut street in Genoa and would grade and gravel the strip; that the agreement was published and of general knowledge, that the agreement and plan were known to the board of supervisors of Nance county, and the board, with full knowledge of the plans and purposes, made no objection, and the members of the county board verbally approved the elimination of the bridge on said old highway No. 39 and the construction of the detour in lieu thereof; that, in pursuance of said agreement, the district purchased the strip, graded and graveled it at an expense of more than $2,000; that no protest was made by plaintiff or any one to said arrangement and all parties are estopped from demanding the bridge over the old road.

The amended reply is a general denial and then alleged: That, while the north and south road was used a few years as state highway No. 39, that highway was partially re-routed and the road in question reverted and is now and has been for years a township road, worked and maintained as such and never at any time has been vacated; alleged use of the road by plaintiff and others interested with him in driving stock to the city stockyards; alleged that the rerouting of the road and its traffic a distance of 850 feet to Chestnut street (where the canal is bridged farther north) will close the north and south road and create a continuing public nuisance; alleged that the proposed change in the east and west road in section 23 will result in a change of over 400 feet, will create three dangerous curves and will create a continuing public nuisance;.

that no petition was ever presented to the county board of supervisors of Nance county requesting the changes in either of the highways and that the board was without jurisdiction or authority to authorize, any such change in the two roads; that the township board of Genoa township was without authority to make any contract to that effect with defendants.

The county of Nance answered that the county board passed a motion that the district be authorized to build a bridge at the place where it was built and alleged that the best interests of all persons interested would be best served by the construction of the bridge at that point.

The record contains a petition of intervention of Genoa township, adopting the petition and amended reply of plaintiff.

The district court found for plaintiff and intervener and decreed that the district must construct bridges and approaches across the canal and drainage ditch on the two roads in question. The court wrote nine pages of opinion covering the points raised by appellant and it was preserved in the record before us.

We have set out the pleadings rather fully in the hope of helping to make the geography of the situation more understandable. We think we have thus shown that the two roads on which plaintiff seeks to have bridges built are ordinary public highways and that the district has not built bridges across the district canal and the drainage ditch alongside the canal.

The statutory powers of public power districts such as defendant district are set forth in article 7, ch. 70, Comp. St. Supp. 1935. Under section 70-707, Comp. St. Supp. 1935, the use and occupation of highways are controlled, as far as applicable, by the provisions of law pertinent to irrigation districts. Section 39-821, Comp. St. 1929, makes it the duty of the governing board of any irrigation or drainage district to build and maintain all bridges and approaches necessitated by the crossing of a public highway, under the supervision of the county board or govern-

ing body of a municipality if under the jurisdiction of such board or municipality. Section 46-128, Comp. St. 1929, authorizes the construction of any such works across any highway which the route of a canal may cross, but requires the board, when it has crossed such a highway, to restore the road so crossed "to its former state as near as may be, or in a sufficient manner not to have impaired unnecessarily its usefulness."

Section 39-101, Comp. St. 1929, puts all public roads under the supervision of the county board and requires the board "to see that the laws in relation to them are carried into effect." Section 39-103, Comp. St. 1929, says: "All roads within this state which have been laid out in pursuance of any law in this state, and which have not been vacated in pursuance of law, and all roads located and opened by the county board of any county and traveled for more than ten years, are hereby declared to be 'public roads,' and no such road or any part thereof shall be vacated or changed without the consent of the majority of the voters living within two miles of the road and not living in a village or city." Section 39-104, Comp. St. 1929, says in part: "Any person desiring the establishment, vacation or alteration of a public road, shall file in the clerk's office of the proper county a petition signed by at least ten electors residing within five miles of the road proposed to be established or vacated."

In *Feuerstein v. Saunders County*, 110 Neb. 121, 193 N. W. 256, this court, by the late George A. Day, held that the county board is without jurisdiction to vacate a public road "where the proceedings of the board fail to show that a majority of the electors residing within two miles of the road sought to be vacated, and not residing within a village or city, have consented thereto, as provided by section 2565, Comp. St. 1922 (now sec. 39-103, Comp. St. 1929)." The record does not show any such petition for the vacation of the public roads. This decision and the mandatory language of the statute are binding upon us unless it is shown that, by reason of estoppel, the statute does not apply in this particular case.

There is no persuasive evidence of estoppel against plaintiff and none at all against the other parties similarly situated, represented by him in prosecuting this case. "Where a party pleads and relies on an estoppel, the burden of proof is upon him to establish the facts upon which the estoppel is based." *Parkins v. Missouri P. R. Co.*, 76 Neb. 242, 107 N. W. 260.

Defendants argue that the road has never been vacated and that the decision is therefore based upon a false premise. That argument is grounded upon the provisions of section 46-128, Comp. St. 1929, relating to the construction of bridges over highways by irrigation boards: It provides that such bridges be constructed "in such manner as to afford security for life and property; but the board shall restore the same, when so crossed or intersected, to its former state as near as may be, or in a sufficient manner not to have impaired unnecessarily its usefulness. * * * And if * * * the owners and controllers of the property, thing or franchise so to be crossed, cannot agree upon * * * the points or the manner of the crossings, the same shall be ascertained * * * in all respects as is provided in respect to the taking of land."

We fail to see how the change of a road by a detour for a greater distance away than is authorized by statute, and the entire cessation of the use of a public highway, is justified by that or any other section we can find that is applicable to the present instance. The latter part of section 46-128, as quoted above, seems to contemplate that, when the district wants to cross a highway and to do away with the highway at the point crossed, without putting a bridge for travel over the canal, it must condemn the part of the road so taken. Section 39-103, heretofore quoted, permits no exceptions; but defendants claim that such an exception was engrafted by the passage of section 70-706, Comp. St. Supp. 1935. This section gives a power district board authority to "enter into any kind of contract or arrangement with any person, firm, corporation, state, county, city, village, governmental subdivision or agency, or with the

government of the United States or with any officer, department, bureau or agency thereof, or with any corporation organized by federal law, including the Reconstruction Finance Corporation, or any successor thereof, or with any other body politic or corporate, for any of the purposes above mentioned or for or incident to the exercise of any one or more of the foregoing powers."

We are of the opinion that by such general language the legislature did not intend thereby to make an exception to section 39-103, requiring notice to and consent of a majority of the rural voters interested before a public country road can be vacated.

We have examined the many other sections cited as giving the authority necessary to justify the acts of defendants and the county board but find them inapplicable. We have also examined their authorities cited, find in them no justification for the acts of defendants, and do not think it necessary to analyze them.

We are of the opinion the judgment of the district court was right and it is

AFFIRMED.