LUCY V. BARRETT, APPELLANT, v. VAUGHN HAND ET AL., APPELLEES.
63 N. W. 2d 185

Filed March 5, 1954. No. 33450.

*Edward E. Carr* and *Crosby & Crosby*, for appellant.

*Beatty, Clarke, Murphy & Morgan*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Lucy V. Barrett brought this action in the district court for Lincoln County. Her purpose in bringing the action is to enjoin Vaughn Hand and Byron Otis from tearing down certain fences which she alleges are on her land. Defendants filed an answer wherein they alleged the fence to be in a public road and causing an obstruction therein. They asked that plaintiff be required to remove the fence and that she be enjoined from further obstructing this road. The court found generally for defendants and dismissed plaintiff's petition but denied defendant Hand any affirmative relief. Her motion for new trial having been overruled, plaintiff appealed and defendant Hand has cross-appealed. Since defendant Hand is the only defendant who is a real party in interest, he will be referred to as appellee.

When an action in equity is appealed it is the duty

of this court to try the issues de novo and to reach an independent conclusion without reference to the findings of the district court.

In a case wherein the oral evidence in respect to a material issue is so conflicting that it cannot be reconciled this court will consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite.

It should be stated at the outset that the question of a road by prescription is not here involved. Appellant has at all times here material been, and still is, the owner of Section 27, Township 9 North, Range 27 West of the 6th P. M., in Lincoln County, Nebraska. Appellee bases his rights upon the claim that the board of county commissioners of Lincoln County established and opened a public road along the section line between Sections 27 and 34 in Township 9 North, Range 27 West of the 6th P. M., in Lincoln County, and that this road has never been vacated. In order to justify his removing appellant's fence therefrom appellee is required to prove, by a preponderance of the evidence, that the road had been established and opened at the place where he did so. Shaffer v. Stull, 32 Neb. 94, 48 N. W. 882.

Since reference will be made herein to various tracts of land, all of which are in the same township and range in Lincoln County as those tracts already referred to, we will not again repeat that part of the description when referring thereto.

The record shows that in the fall of 1950 the then owner of the northwest quarter of Section 35 constructed a fence along the north line thereof which extended to within 2 feet of the northwest corner of the section. Shortly thereafter appellant rebuilt her fence for some distance along the south and east sides of the southeast quarter of Section 27, commencing the rebuilding at the southeast corner thereof. Her corner post at the southeast corner of Section 27 was and is within 2 feet

of the corner. This resulted in the two corner posts, one on the northwest corner of Section 35 and the other on the southeast corner of Section 27, being within about 4 feet of each other and prevented appellee from traveling on the road along the south side of Section 27 and getting onto his farm, he being the owner of the south half of Section 26. Prior thereto appellee and others going to his farm had been able to do so by going over Section 35 or over the southeast corner of Section 27, appellant having permitted her fence at that point to be down. After these corner posts were put in appellee, or others going to his farm, on three different occasions removed the corner post on áppellant's land and some of the fence adjacent thereto so he or they could travel this road. On each occasion appellant had the fence put back and, after the third instance, brought this action.

"A traveler actually hindered may personally remove an obstruction in a highway, as may anyone else if specially injured, but it is a condition to the exercise of the right that the removal does not involve a breach of the peace, and that due care is exercised in effecting the removal." 40 C. J. S., Highways, § 225, p. 222. See, also, Muir v. Kay, 66 Utah 550, 244 P. 901; Shaheen v. Dorsey, 208 Ky. 89, 270 S. W. 452.

As stated in Muir v. Kay, *supra*: "There are circumstances where at common law a private subject had the right to abate a public nuisance in a public highway, when to do so did not involve a breach of the peace, and where due care was exercised in abating it, such as removing a fence or other structure or obstruction unlawfully placed across the highway, and which obstructed its passage, but, unless the private subject had occasion to make use of the highway or if the obstruction did not impede his progress traveling on the highway, he was required to leave the public injury to be redressed by the public authorities. It was the existence of an emergency which justified interference by the in-

dividual, and the right of a private citizen to abate the encroachment or obstruction was limited by the necessity of the case."

The question then arises, did appellant obstruct a public road or highway?

The statute defines a public road as: "All roads within this state which have been laid out in pursuance of any law of this state, and which have not been vacated in pursuance of law, * * *." § 39-101, R. R. S. 1943.

Prior to August 16, 1921, there was an established north and south road across the west part of Sections 27 and 34 known as road No. 210. On that date a sufficient petition was filed by electors residing within 5 miles of the proposed road seeking to establish a road east from road No. 210 on the section line between these sections and thence north one-half mile on the section line between Sections 27 and 26. The road was described in the petition as follows: "Commencing at the northwest corner of the southwest quarter of section 26, thence south on section line to the northwest corner of Section 35, thence west on section line between sections 27 and 34 to canyon, thence in a southwesterly direction about 25 rods around head of canyon, thence in a northwesterly direction back to above described section line, thence west along said line to established road running north and south." Proper procedures were had in connection with this petition.

Pursuant to notice given appellant, on March 4, 1922, filed objections to the establishment of this road and also a claim for $856 for damages which she claimed she would suffer if the road was established. On November 27, 1922, the county commissioners allowed the road and awarded appellant damages in the sum of $100. On December 11, 1922, appellant appealed to the district court for Lincoln County from the decision of the county board which had reduced her claim for damages to the sum above set forth. In her petition on appeal filed in the district court she set forth that the

road had been established on November 27, 1922, and asked for damages in the sum of $856 which she claimed she suffered by reason thereof.

There are at least three grounds upon which it can be held the road was established: First, because all the statutory requirements for the establishment of a road were complied with; second, because no question could be raised by appellant as to the regularity of the proceedings of the county board in establishing the road after she filed her claim for damages; and third, because no petition is necessary for a county board to obtain jurisdiction to take such action when opening a road on a section line.

As to the second ground, see Lionberger v. Pelton, 62 Neb. 252, 86 N. W. 1067; Hoye v. Diehls, 78 Neb. 77, 110 N. W. 714; Davis v. Boone County, 28 Neb. 837, 45 N. W. 249. As stated in Lionberger v. Pelton, *supra:* "No question is raised as to the regularity of the proceedings of the board in establishing the road, nor could any such objections be raised by the plaintiff, in view of the fact that he filed his claim for damages."

As to the third ground, a county board may do so whenever, in its judgment, the public good requires it.

Section 39-122, R. R. S. 1943, provides: "The section lines are hereby declared to be public roads in each county in the state, and the county board may, whenever the public good requires it, open such roads without any preliminary survey and cause them to be worked in the same manner as other public roads; Provided, any damages claimed by reason of any such road shall be appraised and allowed in the manner provided by law."

As stated in Zyntek v. Board of County Commissioners, 120 Neb. 779, 235 N. W. 328: "A petition for the opening of a highway on a section line is not essential to jurisdiction of the county board to take such action."

And in Peterson v. Hopewell, 55 Neb. 670, 76 N. W.

451, it is stated: "The law also declared all section-lines to be public roads, and that they might be opened by the county board whenever the public good required it." See, also, Rose v. Washington County, 42 Neb. 1, 60 N. W. 352; Barry v. Deloughrey, 47 Neb. 354, 66 N. W. 410.

Of course, any damages caused by reason of any such road must be appraised and allowed in the manner provided by law. § 39-122, R. R. S. 1943. See, also, Rose v. Washington County, *supra*; Barry v. Deloughrey, *supra*. As stated in Barry v. Deloughrey, *supra*: "* * * the sole limitation being that damages shall be appraised as nearly as practicable in the manner provided for the opening of other highways. * * * in appraising damages section 46 requires the procedure in relation to other roads to be followed so far as practicable." In the syllabus it was stated: "The county board may, without petition or notice, make a preliminary order establishing a section line road, or declaring that it shall be opened; but before it can be actually opened there must be proceedings upon proper notice to ascertain damages."

Such proceedings were had and, as already stated, appellant appealed from the decision of the county board fixing her damages at $100.

We come then to the proposition that: "The owner of land attempted to be taken for a public road may enjoin the use of the same for such purpose until his damages for the taking have been ascertained and paid, or provision made for their payment, * * *." Kime v. Cass County, 71 Neb. 677, 99 N. W. 546.

As stated in Hodges v. Board of Supervisors, 49 Neb. 666, 68 N. W. 1027: "The question presented is whether, in view of the facts above set out, the road in question can be opened. Section 21, article 1, of the constitution declares that 'the property of no person shall be taken or damaged for public use without just compensation therefor.' It requires that where private property is

taken or damaged for public use, just compensation must be ascertained and paid before the appropriation. That this rule applies to counties and municipalities exercising the right of eminent domain has been frequently asserted by this court, and is too well settled to require discussion." See, also, Zimmerman v. County of Kearney, 33 Neb. 620, 50 N. W. 1126; Livingston v. Board of County Commissioners, 42 Neb. 277, 60 N. W. 555; Morris v. Washington County, 72 Neb. 174, 100 N. W. 144.

The same would be true even though the road being established is a section line. See, Rose v. Washington County, *supra;* Barry v. Deloughrey, *supra.*

When appellant appealed to the district court the amount due her remained uncertain and until determined no warrant for the payment thereof could be properly drawn. § 23-131, R. S. 1943. As stated in Hoye v. Diehls, *supra:* "That appeal is now pending in the district court for Dodge county, and therein plaintiff claims a greater amount than allowed by the county board. Plaintiff is only entitled to recover damages, and in that appeal he has an adequate remedy."

On November 24, 1925, appellant dismissed her appeal. Thereupon the county board was obligated to direct the county clerk to draw a warrant in payment thereof. § 23-131, R. S. 1943. However, this duty ceased when, on December 1, 1925, appellant filed with the county clerk of Lincoln County a release of her claim for damages arising out of the establishment of this road on November 27, 1922, and directed him not to issue any warrant to her in payment thereof. Certainly under this situation appellant cannot complain that she has not been paid or that no provision has been made therefor.

But appellant contends she dismissed her appeal and waived her claim for damages in consideration of the county commissioners orally agreeing they would allow her to keep her land fenced to the section line east, from

a point where a lane leading to the farm home on the northeast quarter of Section 34 joins the section line, to the southeast corner of Section 27; that she could leave it there until such time as the commissioners decided to open this part of the section line; and that when they decided to do so they would then have her damages appraised and payment made thereof. This agreement was, in effect, a vacation of a part of this section line road. It should here be stated that all proof of the above agreement was either admitted over objection or excluded on objection and thereafter proper offers of proof were made thereof.

The statutes in this regard provide as follows:

"Any person desiring the * * * vacation, * * * of a public road, shall file in the clerk's office of the proper county a petition signed by at least ten electors residing within five miles of the road proposed to be established or vacated, * * *." § 39-105, R. R. S. 1943.

"Except as otherwise provided by law, no public road or any part thereof shall be vacated or changed without the consent of the majority of the voters living within two miles of the road and not living in a village or city; * * *." § 39-102, R. R. S. 1943.

We have said: "A public highway, while being used as such, can only be vacated by the county board in the manner prescribed by law, a proper petition for that purpose being necessary. Rev. St. 1913, sec. 2857; McNair v. State, 26 Neb. 257." State ex rel. Enerson v. County Commissioners, 102 Neb. 199, 166 N. W. 554. See, also, Barry v. Deloughery, *supra;* Letherman v. Hauser, 77 Neb. 731, 110 N. W. 745; Koch v. County of Dakota, 151 Neb. 506, 38 N. W. 2d 397; Wright v. Loup River Public Power Dist., 133 Neb. 715, 277 N. W. 53; Feuerstein v. Saunders County, 110 Neb. 121, 193 N. W. 256; McNair v. State, 26 Neb. 257, 41 N. W. 1099.

On February 11, 1925, a sufficient petition by owners of land adjacent to the road established on November 27, 1922, was filed with the county clerk asking for a vaca-

tion of a part thereof. The part sought to be vacated is described as "Commencing at the Northwest corner of the Southwest Quarter of Sec. 26-9-27 running thence south to the Southwest corner of said Southwest Quarter of said Section 26; thence west along the south line of Section 27-9-27 about ⅜ of a mile to the lane north of the house located on the Northeast Quarter of Section 34-9-27 being a portion of road Extension to Road No. 210." However, the county board refused to grant the full request of the petitioners but did on November 9, 1925, vacate a part of said road described as follows: "Beginning at the ¼ section corner of the East line of section 27, T9 N, R27 W. and running thence South ½ mile to SE corner of said section 27, and against vacating that part of extension of Road No. 210 lying west of SE corner of said section 27."

We come then to the question of the oral agreement. It should be here stated that there is nothing in the proceedings of the county board relating thereto and it was apparently entered into after the order of November 9, 1925.

It is stated in 20 Am. Jur., Evidence, § 1164, p. 1017: "It has been stated to be a general rule that what ought to be of record must be proved by the record. The record cannot be contradicted or enlarged by parol evidence. * * * Parol evidence is not admissible to show a motive or intention contrary to the recorded action of the public body."

Section 39-116, R. R. S. 1943, provides: "After the road has been finally established, the plat of the road must be recorded and platted by the county surveyor in the road plat book of the county with a proper reference to the files in the county clerk's office where the papers relating to the same may be found. The county clerk must record the petition, damage claims, field notes, and all other papers relating to the road."

We think the correct rule is established in Flemming v. Ellsworth County Comm'rs, 119 Kan. 598, 240 P. 591:

"The records of the proceedings of the county commissioners pertaining to laying out a road, required by law to be kept, and which are unambiguous, cannot be modified by parol testimony, in a collateral proceeding." See, also, Big Sandy Ry. Co. v. Floyd County, 125 Ky. 345, 101 S. W. 354; Crommett v. Pearson, 18 Me. 344.

We said in Herzoff v. City of Omaha, 124 Neb. 785, 248 N. W. 314: "As to the due enactment of the ordinance, which plaintiff questions, it may be said that it was in effect stipulated at the trial that the records of the city show affirmatively the due passage of this ordinance, upon which the trial court in effect refused to permit the introduction of parol evidence to contradict the express recitals of the written records. This ruling was unquestionably correct. State v. Abbott, 59 Neb. 106."

The matter is well stated in Anderson v. Commissioners of Hamilton County, 12 Ohio St. 635: "It is also claimed as error, that the court refused to receive evidence of what would seem to be a contract between the county commissioners and the ancestor of the plaintiffs, by which the commissioners, in consideration of the right of way for another road, agreed to relinquish their alleged right to construct a road over the land in controversy under the authority of the proceedings shown by the record offered in evidence. If the record was valid and established the road, then it is quite clear that the commissioners could not, by a contract, alter or vacate it, but could only do so upon a petition and proceedings under the statute. This is shown by one of the authorities already cited. 11 Gill & J. 50, 56. For the purpose, therefore, of showing a contract binding on the commissioners and invalidating the effect of the record as establishing the road, the evidence was incompetent, and being offered for that purpose only, was properly rejected."

In the annotation of the subject of the "Admissibility of parol or extrinsic evidence to alter or supplement written records of local legislative bodies" found on page 1229

of 98 A. L. R., it is stated on page 1230: "Unquestionably the general rule with respect to admission in collateral proceedings, of parol or extrinsic evidence to alter or supplement written records of local legislative bodies, seeks always both to protect them from the attacks of outsiders, and to preserve them as against the uncertainty of individual memories. The reasons for the rule are generally stated to be the assurance of verity, safety, certainty, and permanence to those whose rights are fixed, or actions governed, in dealings with public bodies, and the avoidance of mischief, both to the governmental units and those whose rights and actions are affected by them, which might result from leaving evidence of public acts to shifting sources. 10 R. C. L. Evidence, § 220; 22 C. J. Evidence, §§ 1421-1427; 2 McQuillin, Mun. Corp. 2d ed. §§653-655."

We find the court was correct when it excluded evidence of such parol agreement and that evidence relating thereto, which was admitted over objection, should have been excluded.

We come then to appellee's cross-appeal. Appellee prayed: "That plaintiff be required to remove the obstruction and abate the nuisance she has set up and established in said highway and be enjoined from further obstructing said highway or erecting nuisances therein."

The evidence shows that east from the lane to the house on the northeast quarter of Section 34 appellant was at all times permitted to keep her fence within 2 feet of the section line. But appellant obtained no rights by reason thereof for, as provided by section 39-160, R. R. S. 1943: "No privilege, franchise, right, title, right of user, or other interest in or to any street, avenue, road, thoroughfare, alley or public grounds in any county, city, municipality, town or village of this state, or in the space or region under, through or above any such street, avenue, road, thoroughfare, alley or public grounds, shall ever arise or be created, secured, acquired, ex-

tended, enlarged or amplified by user, occupation, acquiescence, implication or estoppel."

As stated in Taylor v. Austin, 83 Neb. 581, 119 N. W. 1123: "A party cannot acquire prescriptive title to a public highway by possession and use of the ground included therein, however long continued." See, also, Donovan v. Union P. R. R. Co., 104 Neb. 364, 177 N. W. 159.

The evidence shows that at all times since this road was established that it has been open for travel except for a short time in 1950 when the then owner of the northeast quarter of Section 34 moved his fence on his north line up to within 2 feet of the section line. However, shortly after doing so he moved it back 25 feet from the section line, having been requested to do so by the county surveyor. The road established was 50 feet wide. As already stated the appellant never did move her fence back from the section line insofar as the section of road herein involved is concerned.

In this respect it is appellant's thought that appellee has an adequate remedy at law under the following principle announced in Burkhardt v. Cihlar, 149 Neb. 712, 32 N. W. 2d 197: "Where a highway has been legally established, mandamus will lie to compel the proper authorities to open it." See, also, State ex rel. Draper v. Freese, 147 Neb. 147, 22 N. W. 2d 556.

Here, however, where the road has in fact been at least partially opened, the following has application: "An elector residing within five miles of a public road has such special interest therein, independent of that which he has in common with the public, as will enable him to maintain a suit to restrain the unlawful closing of such road to public travel." Letherman v. Hauser, *supra.*

As stated in Burkhardt v. Cihlar, *supra:* "If road No. 225 across the northwest quarter of Section 2 had actually been opened, that is, worked or traveled, after it was established and thereafter the appellants had,

by means of fences, obstructed the use thereof then, under our holdings in Letherman v. Hauser, 77 Neb. 731, 110 N. W. 745, and Donovan v. Union P. R. R. Co., 104 Neb. 364, 177 N. W. 159, it would appear that appellees could maintain this action * * *."

We find the factual situation entitled the appellee to the relief for which he prayed and that the trial court was in error in denying him that relief.

We affirm that part of the trial court's decree dismissing appellant's petition but reverse that part denying appellee the relief for which he prayed with directions that such relief be granted him. Costs are taxed to appellant.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED WITH DIRECTIONS.